No. 114,357

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,


v.


JARED C. SHULL,
*Appellant*.


SYLLABUS BY THE COURT


1.

K.S.A. 2015 Supp. 21-6820(c)(2) provides that an appellate court shall not review any sentence resulting from an agreement between the State and the defendant which the sentencing court approves on the record. However, the Kansas Supreme Court has determined that this statutory limitation on appellate jurisdiction does not preclude appellate review of a claim of an illegal sentence.


2.

The Court of Appeals is duty bound to follow Kansas Supreme Court precedent, absent some indication the Supreme Court is departing from its previous position.


3.

A knowing and voluntary waiver by the defendant of his or her statutory right to appeal is generally enforceable. However, the defendant's waiver of his or her right to appeal must be unambiguous. If a plea agreement incorporating an appeal waiver is ambiguous, it must be strictly construed in favor of the defendant in order to allow an appeal.


1

4.

K.S.A. 2015 Supp. 21-6815(a) requires the sentencing judge to state on the record at the time of sentencing the substantial and compelling reasons that justify a departure sentence. The sentencing judge does not comply with K.S.A. 2015 Supp. 21-6815(a) by merely referring to the plea agreement of the parties as the only substantial and compelling reason for granting a departure sentence.

5.

Under the facts of this case, where the record is abundantly clear as to the existence of the substantial and compelling reasons justifying the departure sentence granted by the district court at the request of both parties, the district court sufficiently complied with K.S.A. 2015 Supp. 21-6815(a) in granting the departure sentence.

Appeal from Montgomery District Court; JEFFREY D. GOSSARD, judge. Opinion filed September 2, 2016. Affirmed.

*Caroline Zuschek*, of Kansas Appellate Defender Office, for appellant.

*Amanda G. Voth*, assistant solicitor general, of Office of Kansas Attorney General, for appellee.

Before MALONE, C.J., BRUNS and SCHROEDER, JJ.

MALONE, C.J.: Jared C. Shull appeals his sentence following his convictions of five counts of sexual exploitation of a child under 18 years of age. Shull initially was charged with multiple counts of sexual exploitation of a child under 14 years of age and he was facing a sentence of life imprisonment without parole for 25 years. Through extensive plea negotiations that included amended charges and an agreement for an upward durational departure, Shull asked for and received a sentence of 136 months' imprisonment. Although Shull received the sentence he requested in district court, he now appeals claiming that his sentence is illegal because the district court did not state

substantial and compelling reasons justifying the imposition of an upward durational departure sentence. For the reasons stated herein, we affirm the district court's judgment.

FACTS

On June 3, 2014, the State charged Shull with two counts of sexual exploitation of a child under 18 years of age, severity level 5 person felonies, and three counts of sexual exploitation of a child under 14 years of age, off-grid person felonies. Following plea negotiations, the State filed an amended complaint charging Shull with five counts of sexual exploitation of child under 18 years of age. Shull pled no contest to the amended charges on November 4, 2014.

Prior to entering his plea, Shull signed and filed a document entitled "Defendant's Acknowledgment of Rights and Petition to Enter Plea Pursuant to Plea Agreement." In the acknowledgment and at the plea hearing, Shull acknowledged that his attorney and the State would jointly recommend an upward durational departure sentence of 136 months' imprisonment. Shull also waived his right to have a jury determine whether the State had provided sufficient evidence to justify an upward durational departure. In the acknowledgment, Shull stipulated that aggravating evidence existed to warrant the imposition of an upward durational departure sentence. The acknowledgment also stated: "I further state I agree to waive and hereby voluntarily give up my statutory right to appeal my conviction and to appeal my sentence to the extent that the sentence imposed by the court is for a term of 136 months imprisonment or less."

Prior to sentencing, Shull filed a motion for an upward durational departure sentence. In the motion, Shull cited as aggravating factors that the victims were particularly vulnerable to his crimes due to age and that there was noncharged conduct which could have supported the filing of additional charges of sexual exploitation of a child. Shull once again noted that he and the State stipulated that aggravating

3

circumstances existed for the district court to impose an upward durational departure sentence. Shull requested that the district court find the factors he provided as substantial and compelling circumstances to impose an upward durational departure sentence of 136 months' imprisonment.

The State also filed a motion for an upward durational departure. In support of an upward durational departure, the State cited the fact that Shull "possessed and shared far more files of child pornography than he was charged with or [pled] to," and "the children depicted in some of [the] images were younger than 14 years of age and some were quite young." The State also cited the fact that Shull victimized "multiple young girls who were particularly vulnerable due to age which was known or should have been known to the offender." Based on these factors, the State requested that the district court sentence Shull to 136 months' imprisonment.

The district court held a sentencing hearing on March 10, 2015. Shull stipulated that he had a criminal history score of "I." Based on Shull's criminal history score, his presumptive sentence on each count was 31-32-34 months' imprisonment. At the hearing, Shull and the State again requested an upward durational departure sentence. Shull again waived his right to have the jury decide the existence of the aggravating factors and stipulated to the facts in the State's motion.

After Shull's waiver and stipulation, the judge referred to the State's departure motion and stated: "[T]he Court will find . . . beyond a reasonable doubt that these aggravating factors for an upward departure do exist based on the allegations in the State's Motion for an Upward Durational Departure." The judge further stated: "[The] Court finds that the Defendant's stipulation and acknowledgement of the facts in the State's motion is a substantial and compelling reason to depart from the standard sentence." The journal entry of judgment included the following as a reason for departure: "[V]ictim was particularly vulnerable due to age and number of victims."

4

The district court sentenced Shull as follows: (1) 34 months' imprisonment on Count I; (2) an upward durational departure sentence of 68 months' imprisonment on Count II; (3) an upward durational departure sentence of 68 months' imprisonment on Count III; (4) an upward durational departure sentence of 68 months' imprisonment on Count IV; and (5) 34 months' imprisonment on Count V. The district court ordered the sentences on Counts II and III to run consecutively for a controlling sentence of 136 months' imprisonment. At the end of the sentencing hearing, the district court informed Shull that he had 14 days to file an appeal. Neither the State nor Shull's attorney noted an objection to the appeal rights. Shull subsequently filed a notice of appeal.

ANALYSIS

The only claim Shull raises on appeal is that his sentence is illegal because the district court did not state substantial and compelling reasons on the record at the time of sentencing for imposing an upward durational departure sentence, in violation of K.S.A. 2015 Supp. 21-6815(a). In response, the State first argues that Shull waived his right to appeal his sentence through his plea negotiations in district court. In the alternative, the State argues that Shull's sentence is not illegal because the district court made sufficient findings on the record to support Shull's upward durational departure sentence.

*Jurisdiction*

Shull begins by addressing this court's jurisdiction to consider his appeal. Shull acknowledges that pursuant to K.S.A. 2015 Supp. 21-6820(c)(2), an appellate court shall not review any sentence resulting from an agreement between the State and the defendant which the sentencing court approves on the record. However, Shull argues that there are exceptions to the general prohibition against an appellate court reviewing plea-negotiated sentences, and one exception is that an appellate court may review an illegal sentence resulting from a plea agreement. In support of his claim, Shull cites *State v. Duncan*, 291

5

Kan. 467, 243 P.3d 338 (2010), discussed below. The State's only response to Shull's jurisdictional argument is that *Duncan* was wrongly decided and, in any event, Shull waived his right to appeal his sentence as part of the plea negotiations.

In *Duncan*, the defendant pled guilty to aggravated battery and the parties agreed to an upward durational departure sentence of 48 months' imprisonment in exchange for a downward dispositional departure to probation. 291 Kan. at 468. The terms of the plea agreement did not explicitly state that the defendant was waiving his right to have a jury determine whether any aggravating factors existed to permit an upward durational departure. 291 Kan. at 468. The district court imposed the plea-negotiated sentence and placed the defendant on probation. The defendant later appealed, challenging whether the previously agreed-to upward durational departure was legal because he did not explicitly waive his right to have a jury determine whether there were aggravating factors to invoke that departure. 291 Kan. at 469. The Court of Appeals rejected the defendant's argument and dismissed the appeal, but our Supreme Court granted a petition for review.

Our Supreme Court began its opinion by addressing whether it had jurisdiction to consider the defendant's appeal. The court noted that pursuant to K.S.A. 21-4721(c)(2) [recodified as K.S.A. 2015 Supp. 21-6820(c)(2)], an appellate court shall not review any sentence resulting from an agreement between the State and the defendant which the sentencing court approves on the record. 291 Kan. at 470. However, without engaging in substantial analysis, the court determined that this statutory limitation on appellate jurisdiction does not preclude appellate review of a claim of an illegal sentence, even when the illegal sentence resulted from a plea agreement. 291 Kan. at 471. As a result, the court determined that it had jurisdiction to consider the defendant's challenge that his sentence was illegal. 291 Kan. at 471.

More recently, the Kansas Supreme Court addressed appellate jurisdiction to review a departure sentence in *State v. Looney*, 299 Kan. 903, 327 P.3d 425 (2014). In

6

*Looney*, the defendant pled guilty to a drug-related crime and the parties agreed to a downward durational departure to 72 months' imprisonment, which the district court granted. The defendant also argued for a dispositional departure, which the district court denied. The defendant appealed his sentence, and the State argued the appellate court lacked jurisdiction over the appeal.

Our Supreme Court noted that K.S.A. 21-4721(a) provides that a "departure sentence is subject to appeal by the defendant or the state." 299 Kan. at 905. The court held that unless a more specific provision divested the court of jurisdiction, it had jurisdiction over the appeal of the defendant's departure sentence under the plain language of K.S.A. 21-4721(a). 299 Kan. at 906-09. The State argued that the departure sentence was the result of plea negotiations and, as a result, K.S.A. 21-4721(c)(2) was a more specific provision that divested the court of jurisdiction. In addressing this argument, the court noted that although the defendant's durational departure was plea-negotiated, his requested dispositional departure was not part of the plea agreement. 299 Kan. at 909. Without deciding whether K.S.A. 21-4721(c)(2) was a more specific provision than K.S.A. 21-4721(a), the court concluded under the facts of the case that it had jurisdiction to consider the defendant's appeal. 299 Kan. at 909-10.

Returning to our facts, Shull received the exact sentence he requested in district court. K.S.A. 2015 Supp. 21-6820(c)(2) provides that this court shall not review any sentence resulting from an agreement between the State and the defendant which the sentencing court approves on the record. But our Supreme Court held in *Duncan* that this statutory limitation on appellate jurisdiction does not preclude appellate review of a claim of an illegal sentence. 291 Kan. at 471. K.S.A. 22-3504(1) provides that the court may correct an illegal sentence at any time. An "illegal sentence," as contemplated by K.S.A. 22-3504(1), "is one that (a) is imposed by a court without jurisdiction; (b) does not conform to the statutory provision, either in character or the term of the punishment

7

authorized; or (c) is ambiguous with regard to the time and manner in which it is to be served." *State v. Sims*, 294 Kan. 821, Syl. ¶ 3, 280 P.3d 780 (2012).

K.S.A. 2015 Supp. 21-6815(a) directs that "[i]f the sentencing judge departs from the presumptive sentence, the judge shall state on the record at the time of sentencing the substantial and compelling reasons for the departure." If the district court failed to comply with K.S.A. 2015 Supp. 21-6815(a), as Shull argues on appeal, then the district court improperly imposed an upward durational departure sentence and Shull received a sentence that does not conform to the statutory provision, either in character or the term of the punishment authorized, making his sentence illegal. Under the reasoning expressed in *Duncan*, Shull is not jurisdictionally barred from bringing this appeal.

The State acknowledges the holding in *Duncan* but claims that it was wrongly decided. Although we may agree with the State's assertion, the Court of Appeals is duty bound to follow Kansas Supreme Court precedent, absent some indication the Supreme Court is departing from its previous position. *State v. Belone*, 51 Kan. App. 2d 179, 211, 343 P.3d 128, *rev. denied* 302 Kan. 1012 (2015). We can find no meaningful distinction between *Duncan* and Shull's case, and we have no indication the Supreme Court is departing from its previous position. Based on *Duncan*, we conclude that an appellate court has jurisdiction to review a sentence that is challenged as being illegal even when it resulted from a plea agreement. 291 Kan. at 470-71. Thus, we conclude that this court has jurisdiction to consider Shull's appeal.

*Did Shull waive his right to appeal?*

The State argues that Shull waived his right to appeal his sentence through his plea negotiations in district court. The State argues that Shull was fully aware that he was waiving his right to appeal based on the language in the document entitled "Defendant's

8

Acknowledgment of Rights and Petition to Enter Plea Pursuant to Plea Agreement," which he signed. Shull does not address whether he waived his right to appeal.

"[A] 'knowing and voluntary waiver by the defendant of his statutory right to appeal is generally enforceable.'" *State v. Patton*, 287 Kan. 200, 226, 195 P.3d 753 (2008) (quoting *State v. Campbell*, 273 Kan. 414, 424-25, 44 P.3d 349 [2002]). However, the defendant's waiver of his or her right to appeal must be unambiguous. *State v. Bennett*, 51 Kan. App. 2d 356, 364-65, 347 P.3d 229 (2015). If a plea agreement incorporating an appeal waiver is ambiguous, it must be strictly construed in favor of the defendant in order to allow an appeal. 51 Kan. App. 2d at 364.

In *Bennett*, the defendant filed plea documents explicitly stating that she waived her right to appeal her sentence. During the plea hearing, the district court confirmed that the defendant indeed wished to waive her right to appeal her sentence. Nevertheless, the defendant subsequently appealed her plea-negotiated sentence. 51 Kan. App. 2d at 360.

On appeal, this court noted that there were contradictions in the record that created ambiguity as to whether the defendant waived her right to appeal her sentence. 51 Kan. App. 2d at 365. Specifically, this court noted that separate written plea documents contained statements such as: (1) "'I know I have a limited right to appeal the sentence that is imposed," (2) "'I may appeal from a sentence that departs from the presumptive sentence,'" and (3) "'I understand that I will be sentenced according to what the Court determines to be my actual criminal history as of the date I am sentenced.'" 51 Kan. App. 2d at 365. This court also noted that the sentencing judge created ambiguity when he told the defendant at the sentencing hearing that she had the right to appeal the sentence within 14 days and neither attorney corrected the judge. 51 Kan. App. 2d at 365. Based on the discrepancies in the plea documents and the statements of the sentencing judge, the *Bennett* court held that the waiver of the right to appeal in the plea agreement was

ambiguous and, as a result, the court was required to strictly construe the agreement in favor of the defendant in order to allow an appeal. 51 Kan. App. 2d at 366.

This case is strikingly similar to *Bennett*. In fact, we note that this case involves the same sentencing judge and defense counsel as were involved in *Bennett*. Shull filed a document entitled "Defendant's Acknowledgment of Rights and Petition to Enter Plea Pursuant to Plea Agreement," which provided that he was voluntarily waiving his right to appeal any sentence that was 136 months' imprisonment or less. This document was signed by Shull. However, on the same day, Shull also signed and filed a separate document entitled "Defendant's Acknowledgment of Rights and Entry of Plea." This document contains two of the same statements cited in *Bennett* indicating that Shull had a right to appeal his sentence. Specifically, it states "I retain a limited right to appeal" and "I may appeal from a sentence that departs from the presumptive sentence." Also similar to *Bennett*, the district court informed Shull at the sentencing hearing that he did indeed have a right to appeal. Neither the State nor Shull's attorney corrected this statement.

All of these facts combine to demonstrate that Shull's plea agreement was ambiguous as to whether he was waiving his right to appeal his sentence. Accordingly, consistent with our court's prior ruling in *Bennett*, the plea agreement must be strictly construed in favor of Shull in order to allow his appeal.

*Did the district court make sufficient findings?*

We now turn to the merits of Shull's only claim on appeal. Shull claims that his plea-negotiated sentence is illegal because the district court did not state substantial and compelling reasons on the record at the time of sentencing for imposing an upward durational departure, in violation of K.S.A. 2015 Supp. 21-6815(a). Shull argues that the district court's statement that aggravating circumstances existed is insufficient because the court did not enumerate those circumstances on the record at the sentencing hearing.

The State argues that the district court's findings were sufficient because it referenced the circumstances contained in the State's motion for an upward durational departure, which included that Shull's victims were vulnerable due to age and that additional images and videos were found on his computer, but he was not charged for those images.

K.S.A. 2015 Supp. 21-6815(a) requires the sentencing judge to state on the record at the time of sentencing the substantial and compelling reasons that justify a departure sentence. Interpretation of a sentencing statute is a question of law, and the standard of review is unlimited. *State v. Phillips*, 299 Kan. 479, 494, 325 P.3d 1095 (2014). Also, whether a sentence is illegal under K.S.A. 22-3504 is a question of law subject to unlimited review. *State v. Taylor*, 299 Kan. 5, 8, 319 P.3d 1256 (2014).

To support his claim, Shull relies primarily on *State v. Dibble*, No. 109,262, 2015 WL 802726 (Kan. App. 2015) (unpublished opinion). In that case, the district court granted a plea-negotiated request for an upward durational departure sentence. At the sentencing hearing, the district court cited the "plea agreement" between the parties as the only basis for imposing an upward departure sentence. 2015 WL 802726, at *2. There was no indication in the record that either party filed a departure motion or cited any specific substantial and compelling reasons to justify the departure sentence. The journal entry of judgment also reflected the "agreement of the parties" as the only reason for the departure sentence. 2015 WL 802726, at *2. On appeal, this court vacated the sentence and held that the parties' agreement cannot be the only substantial and compelling factor that justifies a departure sentence. 2015 WL 802726, at *2-3.

*Dibble* is distinguishable from Shull's case. In *Dibble*, the district court granted the departure based only on the "plea agreement," and there is no indication in the opinion that either party filed a departure motion or cited substantial and compelling reasons for the departure. Here, the district court did not base the departure sentence simply on the "plea agreement." Instead, at the sentencing hearing, the judge specifically referred to the

11

State's departure motion and stated: "[T]he Court will find . . . beyond a reasonable doubt that these aggravating factors for an upward departure do exist based on the allegations in the State's Motion for an Upward Durational Departure." These factors included that Shull's victims were vulnerable due to age and that additional images and videos were found on his computer, but he was not charged for those images. The journal entry of judgment included the following as a reason for departure: "Victim was particularly vulnerable due to age and number of victims."

Although not cited by Shull, *State v. Whitesell*, 270 Kan. 259, 13 P.3d 887 (2000), lends support for his claim that the sentencing judge must do more than merely reference the departure motion in order to comply with K.S.A. 2015 Supp. 21-6815(a). In *Whitesell*, the defendant's conviction for stalking carried a presumptive sentence of 2 years' probation. Prior to sentencing, the State filed a motion for an upward durational departure to 5 years' probation. The district court granted the motion over the defendant's objection. In departing from the presumptive sentence, the district judge merely referred to the State's departure motion and found it "to be both factually and legally sufficient." 270 Kan. at 293. On appeal, the Kansas Supreme Court noted that K.S.A. 21-4716(a) [recodified as K.S.A. 2015 Supp. 21-6815(a)] specifically requires that the district court state on the record the substantial and compelling reasons for departure at the sentencing hearing. The court then stated: "[M]erely referencing the motion filed by the State does not satisfy the requirements of 21-4716(a)." 270 Kan. at 294. Accordingly, the court vacated the defendant's sentence and remanded for resentencing. 270 Kan. at 294

Initially, we note that *Whitesell* is distinguishable from Shull's case because the district court in *Whitesell* granted the departure over the defendant's objection, whereas here both parties fully agreed with the departure sentence. We also note that more recently this court distinguished and declined to apply *Whitesell* in *State v. Henderson*, No. 100,885, 2009 WL 3018088 (Kan. App. 2009) (unpublished opinion). In *Henderson*, the defendant filed a motion and cited three specific reasons to justify a downward

durational departure: (1) he did not have any prior felony convictions; (2) his prior misdemeanor convictions were unrelated to the current offense; and (3) his prior misdemeanor convictions were remote in time. In granting the defendant a departure, the district court stated that it was "going to adopt the rationale proposed by the defendant's motion to depart." 2009 WL 3018088, at *1. When pressed to identify the specific grounds for the departure sentence, the district court clarified that it was relying on the "three factors in the motion." 2009 WL 3018088, at *2.

The State appealed and argued that the district court failed to state on the record at the time of sentencing the substantial and compelling reasons justifying the departure. This court rejected the State's appeal and distinguished *Whitesell* with the following analysis:

"The *Whitesell* decision gives us pause for concern because in Henderson's case, the district court also referenced the departure motion in identifying its reasons for granting the departure sentence. At first glance, the Supreme Court's language in *Whitesell* would seem to require us to remand Henderson's case for the district court to articulate more specific findings to justify the departure. However, we conclude there are distinctions between *Whitesell* and Henderson's case that lead us to a different result. In *Whitesell*, the opinion does not indicate whether the State's departure motion identified any specific substantial and compelling departure factors. We do not know if the departure motion was even included in the record on appeal. Furthermore, we do not know if the journal entry of judgment in *Whitesell* identified any departure factors. In granting the departure in *Whitesell*, the district court merely stated that it found the motion 'to be both factually and legally sufficient.' 270 Kan. at 293.

"In Henderson's case, we know the departure motion cited three specific factors to justify a departure: (1) Henderson did not have any prior convictions; (2) his prior misdemeanor convictions were unrelated to his current offense; and (3) his prior misdemeanor convictions were remote in time. At the sentencing hearing, Henderson's counsel reiterated the request for the downward durational departure based on the reasons set forth in the motion. The State contested the departure and argued that the factors set forth in Henderson's motion were not substantial and compelling reasons to justify a

13

reduced sentence. In granting the departure, the district court adopted the reasons set forth in Henderson's motion. When pressed to identify the specific grounds for the departure sentence, the district court clarified that it was relying on the 'three factors in the motion.' The three departure factors were then set forth verbatim in the journal entry of judgment.

"Here, as opposed to the *Whitesell* case, the district court did more than make a vague reference to the departure motion in granting the departure sentence. Granted, the district court did not read into the record the specific departure factors relied upon by the court. However, the record is abundantly clear as to why the district court granted the departure and the three specific factors the district court relied upon to justify the reduced sentence. Under these circumstances, it would be a useless formality to remand Henderson's case for the district court to articulate more specific findings to justify the departure. Although the better practice is for the district court to expressly state on the record at the time of sentencing the substantial and compelling reasons for the departure, we conclude under the circumstances of this case that the district court sufficiently complied with K.S.A. 21-4716(a) in granting the departure sentence." *Henderson*, 2009 WL 3018088, at *3-4.

Shull's case is more like *Henderson* than *Whitesell*. The State's departure motion is included in the record on appeal and provides the factors supporting the imposition of the departure sentence. These factors included that Shull's victims were vulnerable due to age and that additional images and videos were found on his computer, but he was not charged for those images. Shull does not argue that the grounds set forth in the State's motion are not substantial and compelling reasons for a departure, he only argues that the district court failed to sufficiently state the reasons on the record at the sentencing hearing. But the judge specifically referred to the State's departure motion at Shull's sentencing hearing and stated:  "[T]he Court will find . . . beyond a reasonable doubt that these aggravating factors for an upward departure do exist based on the allegations in the State's Motion for an Upward Durational Departure." Significantly, both parties were asking the district court to impose a departure sentence for substantially the same reasons.

14

Here, as in the *Henderson* case, the district court did more than make a vague reference to the State's departure motion in granting the departure sentence. The record is abundantly clear as to the existence of the substantial and compelling reasons justifying the departure sentence granted by the district court at the request of both parties. Under these circumstances, it would be a useless formality to remand Shull's case for the district court to articulate more specific findings to justify the departure. Although the better practice is for the district court to expressly state on the record at the time of sentencing the substantial and compelling reasons for the departure, we conclude under the circumstances of this case that the district court sufficiently complied with K.S.A. 2015 Supp. 21-6815(a) in granting the departure sentence.

Affirmed.