NOT DESIGNATED FOR PUBLICATION

Nos. 117,822
117,823

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

CHESSIEAN WALKER,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; BRUCE C. BROWN, judge. Opinion filed August 10, 2018. Affirmed.

*Kai Tate Mann*, of Kansas Appellate Defender Office, for appellant.

*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before BUSER, P.J., MALONE and STANDRIDGE, JJ.

PER CURIAM: Chessiean Walker appeals the district court's decision revoking his probation in two separate cases. Walker claims for the first time on appeal that in one of his cases, the district court failed to make sufficient findings at the sentencing hearing to extend his probation term to 24 months, resulting in an illegal sentence. He also claims the district court abused its discretion in revoking his probation and ordering him to serve the underlying sentence in each case. As to the first claim, we find that the district court made sufficient findings at sentencing to extend Walker's probation term to 24 months. As to the second claim, we find that the district court did not abuse its discretion in

1

revoking Walker's probation and ordering him to serve his underlying sentences. Thus, we affirm the district court.

FACTS

In March 2015, the State charged Walker in Sedgwick County case 15CR789 with one count of burglary and one count of misdemeanor theft. In May 2015, the State charged Walker in case 15CR1517 with possession of methamphetamine, possession of drug paraphernalia, and failure to yield the right-of-way.

In July 2015, the parties reached a plea agreement in which Walker would plead guilty to burglary in 15CR789 and possession of methamphetamine in 15CR1517 in exchange for dismissal of the remaining counts. The parties also agreed to recommend the low number in the appropriate grid box under the sentencing guidelines on each felony count with the sentences in each case to run concurrently and probation in each case for 24 months. On July 14, 2015, the district court accepted Walker's guilty pleas.

At the sentencing hearing on August 27, 2015, the district court imposed the mitigated presumptive sentence of 19 months' imprisonment for the burglary conviction in 15CR789 and the standard presumptive sentence of 30 months' imprisonment for the drug conviction in 15CR1517. The district court ordered the sentences to run concurrently and granted Walker probation in each case for 24 months. The prosecutor pointed out to the court that the presumptive probation term for Walker's drug conviction in 15CR1517 was 12 months rather than 24 months. In response, the district court stated:

"I'm going to order that the term of probation be extended in the case of the lesser probationary period, making the findings that in light of this other conviction, you know, having two separate cases, that raises welfare of the defendant and public safety concerns. And I think in light of [the] criminal history that he has, in conjunction with these two [new] convictions, as well, raise public safety concerns and also, the welfare of

2

the defendant in this case. And for that reason, I'm going to extend the probation to 24 months on both—and make it 24 months total on both cases."

The district court informed Walker of his right to appeal within 14 days. Walker filed no direct appeal from his convictions or his sentences.

About nine months after his sentencing, Walker tested positive for marijuana in a random drug test. Walker's court services officer (CSO) cited him for violating his probation by failing to refrain from the use of illegal drugs. On June 13, 2016, Walker waived his right to a probation violation hearing and his CSO ordered him to serve a three-day jail sanction.

On September 13, 2016, about 13 months after sentencing, Walker again tested positive for marijuana. After receiving the drug test results, Walker's CSO told him to wait in the lobby of the adult probation office, but Walker left the office and did not return. The next day, the CSO issued a warrant against Walker for several violations of his probation, including his failure to refrain from the use of illegal drugs and his failure to obey all reasonable directions of his probation officer.

Seven months later, in April 2017, Walker was arrested in California and extradited back to Kansas. Walker's CSO issued another warrant on April 10, 2017, alleging additional probation violations including his failure to remain within Kansas and his commission of a new crime of domestic battery.

At a probation revocation hearing on April 19, 2017, the State withdrew the allegation that Walker had committed a new crime, and Walker admitted to the balance of the allegations, including drug use and absconding from probation. Walker asked the district court to reinstate his probation. Under K.S.A. 2017 Supp. 22-3716(c)(8), the district court found that Walker had absconded from his probation and the court decided

3

to bypass graduated sanctions. Based on Walker's violations, including his continued drug use and absconding to California, the district court revoked Walker's probation and ordered him to serve his underlying prison sentence in each case. Walker timely appealed and the cases have been consolidated on appeal.

PROBATION TERM IN 15CR1517

Walker first claims the district court failed to make sufficient findings at the sentencing hearing on August 27, 2015, to extend the term of his probation for his drug conviction in 15CR1517 from 12 months to 24 months, resulting in an illegal sentence. Walker argues that his probation term in 15CR1517 should have been only 12 months and because his probation violations that resulted in the revocation of his probation did not occur until 13 months after sentencing, his probation term in that case should have expired and the district court erred in revoking the probation. Walker acknowledges that he did not raise this issue in district court, but he asserts that the court may correct an illegal sentence at any time under K.S.A. 2107 Supp. 22-3504(1).

The State contends that we lack jurisdiction to address a sentencing issue in this appeal from the revocation of Walker's probation because Walker received a plea negotiated sentence. As the State points out, K.S.A. 2017 Supp. 21-6820(c)(2) provides that an appellate court shall not review any sentence resulting from an agreement between the State and the defendant which the sentencing court approves on the record. Assuming this court has jurisdiction to address the issue, the State argues that the district court made sufficient findings to extend the term of Walker's probation in 15CR1517.

We disagree with the State that K.S.A. 2017 Supp. 21-6820(c)(2) provides a jurisdictional bar for this court to review Walker's original sentence. First, Walker did not actually receive a plea negotiated sentence. The parties agreed to recommend the low number in the appropriate grid box under the sentencing guidelines on each felony count

4

with probation for 24 months. At the sentencing hearing, the district court imposed the mitigated presumptive sentence of 19 months' imprisonment for Walker's conviction in 15CR789 and the *standard* presumptive sentence of 30 months' imprisonment for the conviction in 15CR1517. Second, and more importantly, our Supreme Court has held that K.S.A. 21-4721(c)(2), recodified as K.S.A. 2017 Supp. 21-6820(c)(2), does not preclude appellate review of a claim of an illegal sentence, even when the illegal sentence resulted from a plea agreement. *State v. Duncan*, 291 Kan. 467, 470-71, 243 P.3d 338 (2010); see *State v. Shull*, 52 Kan. App. 2d 981, 985-87, 381 P.3d 499 (2016), *rev. denied* 306 Kan. 1329 (2017).

Walker did not appeal his original sentence, including the 24 months' probation in 15CR1517. Generally, this court would lack appellate jurisdiction to review Walker's sentence in this appeal from the revocation of his probation. See *State v. Inkelaar*, 38 Kan. App. 2d 312, 317-18, 164 P.3d 844 (2007) (holding defendant's appeal was timely only as to his probation revocation and not his original sentence), *rev. denied* 286 Kan. 1183 (2008). But if Walker's claim is correct that the district court improperly imposed a 24-month probation term in 15CR1517, then he received an illegal sentence in that case because his sentence did not conform to the applicable statutory provision, either in the character or the term of the authorized punishment. See K.S.A. 2017 Supp. 22-3504(3); *State v. Trotter*, 296 Kan. 898, 902, 295 P.3d 1039 (2013). The Kansas Supreme Court has held that a court may correct an illegal sentence at any time regardless of the procedural posture of the case. *State v. Dickey*, 305 Kan. 217, 221-22, 380 P.3d 230 (2016) (addressing illegal sentence claim based on incorrect criminal history score in appeal of defendant's probation revocation). Based on our Supreme Court's holding in *Dickey*, we conclude that we have jurisdiction to address Walker's illegal sentence claim.

Under K.S.A. 2017 Supp. 21-6608(c)(3), Walker's presumptive probation term for his conviction of possession of methamphetamine in 15CR1517 was 12 months. But K.S.A. 2017 Supp. 21-6608(c)(5) provides that if the court finds and sets forth with

5

particularity the reasons for finding that the safety of the members of the public will be jeopardized or that the welfare of the inmate will not be served by the presumptive probation term, the court may impose a longer period of probation. When a district court is required to set something forth with particularity, "it must be distinct rather than general, with exactitude of detail, especially in description or stated with attention to or concern with details." *State v. Huskey*, 17 Kan. App. 2d 237, Syl. ¶ 2, 834 P.2d 1371 (1992). Whether a district court's findings are sufficient to extend the term of a defendant's probation under K.S.A. 2017 Supp. 21-6608(c)(5) is reviewed for an abuse of discretion. See *State v. Jones*, 30 Kan. App. 2d 210, 214, 41 P.3d 293 (2001).

Here, the district court was well aware of the fact that the presumptive probation term in 15CR1517 was 12 months. The district court articulated two distinct reasons to extend the probation term to 24 months, which was consistent with the probation term Walker was receiving on the same day for his burglary conviction in 15CR789. First, the district court noted that Walker was being sentenced in two separate cases on the same day. Second, the district court pointed to Walker's criminal history which included seven prior felony convictions, including a prior conviction of possession of marijuana for sale. For these two reasons, the district court found that Walker's own welfare and the safety of the members of the public would be better served by extending the term of Walker's probation in 15CR1517 from 12 months to 24 months.

We conclude that the district court's findings were sufficient under K.S.A. 2017 Supp. 21-6608(c)(5) to extend the term of Walker's probation in 15CR1517. Walker received a legal sentence in that case. Thus, Walker was still properly under the supervision of his probation officer when he violated the conditions of his probation.

6

Next, Walker claims the district court abused its discretion in revoking his probation and ordering him to serve his underlying prison sentences. The State contends that the district court did not abuse its discretion by revoking Walker's probation.

The procedure for revoking a defendant's probation is governed by K.S.A. 2017 Supp. 22-3716. Generally, once there has been evidence of a violation of the conditions of probation, the decision to revoke probation rests in the district court's sound discretion. *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006). An abuse of discretion occurs when judicial action is arbitrary, fanciful, or unreasonable; is based on an error of law; or is based on an error of fact. *State v. Mosher*, 299 Kan. 1, 3, 319 P.3d 1253 (2014). The party asserting the district court abused its discretion bears the burden of showing such an abuse of discretion. *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012).

K.S.A. 2017 Supp. 22-3716 generally provides that once a defendant has violated the conditions of probation, the district court must apply graduated intermediate sanctions before the court can revoke probation and order the defendant to serve the underlying sentence imposed. See K.S.A. 2017 Supp. 22-3716(c)(1)(A)-(D). But under K.S.A. 2017 Supp. 22-3716(c)(8)(B), the court may revoke probation without having previously imposed an intermediate sanction if the offender absconds from supervision while on probation.

Here, Walker admitted to violating the conditions of his probation on many grounds, including the fact that he absconded from probation. The district court did not have to consider an intermediate sanction in this instance. In revoking Walker's probation, the district court noted that Walker had violated several conditions of his supervision, including his continued use of drugs which was a primary concern of the court. This instance was Walker's second probation violation, as he had received a 3-day

jail sanction for an earlier violation. The district court's decision to revoke Walker's probation was not arbitrary, fanciful, or unreasonable, and it was not based on an error of fact or law. Walker has failed to show that the district court abused its discretion by revoking his probation and ordering him to serve his underlying prison sentences.

Affirmed.