NOT DESIGNATED FOR PUBLICATION

No. 124,125

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

BRADLEY LEON BERENS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Dickinson District Court; BENJAMIN J. SEXTON, judge. Opinion filed August 5, 2022. Affirmed.

*Jennifer C. Bates*, of Kansas Appellate Defender Office, for appellant.

*Daryl E. Hawkins*, assistant county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before HURST, P.J., BRUNS and GARDNER, JJ.

PER CURIAM: Bradley Leon Berens appeals his sentence and the district court's denial of his motion for a dispositional departure. Berens argues that although the district court ordered a durational departure to a shorter prison term, the district court abused its discretion by denying his request for a dispositional departure to probation. Finding no error, we affirm.

1

*Factual and Procedural Background*

In July 2020, police stopped Berens' car after seeing him commit various traffic violations. Berens tried to evade the officers, but they caught and later arrested him. While searching the car incident to the arrest, police found methamphetamine and drug paraphernalia. Based on these events, the State charged Berens with single felony counts of distribution or possession with intent to distribute methamphetamine, possession of drug paraphernalia, and fleeing or attempting to elude law enforcement, and three counts of misdemeanor offenses.

Berens appeared at his first appearance by Zoom in August 2020. After he failed to appear for other scheduled hearings, the district court issued two bench warrants for Berens' arrest. Berens later attended a hearing in December 2020, where the district court granted his request to amend his bond to allow his admission into a drug treatment program.

Berens entered plea negotiations with the State and eventually pleaded guilty to one count of possession of methamphetamine with intent to distribute under K.S.A. 2020 Supp. 21-5705(a)(1), (d)(3)(A). The State dismissed the remaining counts and agreed not to file additional charges. The parties' plea agreement did not include a recommended sentence but it gave Berens the option to move for a departure sentence, which he did.

At his sentencing hearing, Berens admitted that the presentence investigation report (PSI) accurately showed his criminal history score as A. Berens objected to the PSI's finding that special rule 26 applied under the revised Kansas Sentencing Guidelines Act (KSGA). But he agreed with the State that special rule 9 applied because he had committed his crime while on felony probation. Based on the parties' stipulations about both special rules, the district court found that only rule 9 applied.

2

Berens also argued in support of his request for a dispositional and durational departure. According to the transcript of the sentencing hearing, much of Berens' argument supporting his motion was "inaudible" or "unintelligible," perhaps because the hearing was held over Zoom. Even so, the record shows that Berens based his request for a dispositional and durational departure on his methamphetamine addiction, recent completion of a drug treatment program, and need to continue treatment. Berens also submitted a certificate proving he had completed a residential inpatient program, and a plan outlining future treatment.

The State, however, contended that Berens' criminal history score showed Berens deserved the aggravated term of the presumptive sentence—51 months' imprisonment. The State emphasized that Berens' criminal history spanned 29 years and included 36 convictions, at least one of which was a felony conviction for domestic battery.

In reply, Berens provided the following personal statement supporting his departure request:

> "I've got a lovely family here. That's my main concern. I've [done a] 180-degree turn around, . . . I . . . was addicted to methamphetamines, you know. Now I'm working, I'm doing everything I'm supposed to do, outpatient therapy, Your Honor. You know . . . I screwed up . . . [b]ut I don't think prison would help me. You know, I'm . . . playing with my kids, doing what I'm supposed to do."

When asked by the district court whether he had ever been ordered to complete a domestic violence program in his domestic abuse cases, Berens responded that he had only recently been ordered to complete that program but had not yet started it.

The district court found that the standard term under the KSGA was 49 months in prison but granted Berens a durational departure to 32 months. The district court denied

Berens' request for a dispositional departure to probation, however, and ordered Berens to serve his sentence consecutive to any sentence in his separate ongoing case.

Berens timely appeals.

*Jurisdiction*

The State first argues that Berens waived his right to appeal any issue related to his conviction or sentence by signing his plea agreement. The State acknowledges our Supreme Court's decision in *State v. Looney*, 299 Kan. 903, 909, 327 P.3d 425 (2014), finding departure sentences appealable absent certain exceptions, but it still invites us to enforce Berens' waiver. This raises a question of our subject matter jurisdiction.

In *Looney*, our Supreme Court considered whether the denial of a dispositional departure is appealable when the district court durationally departs from the KSGA under a plea agreement, as here. After a panel of this court determined that appellate jurisdiction was lacking, our Supreme Court reversed, holding that "all departure sentences are subject to appeal under K.S.A. 21-4721(a) unless appellate jurisdiction is divested by a more specific provision." 299 Kan. at 909. See, e.g., *State v. Cooper*, 54 Kan. App. 2d 25, 28, 394 P.3d 1194 (2017) (finding K.S.A. 2016 Supp. 21-6820[c][2] more specific than provision authorizing appellate jurisdiction over departure sentences under subsection [a] and holding more specific provision divests appellate jurisdiction when parties agreed to specific duration and disposition). The court noted that the parties had agreed to a downward durational departure, but the defendant's requested dispositional departure was not part of the plea agreement. The court thus determined that it had jurisdiction to consider the defendant's appeal. 299 Kan. at 909-10.

As in *Looney*, the parties here made no agreement regarding the disposition of Berens' sentence. In fact, the parties left both duration and disposition as open issues that

could be argued at sentencing. Thus, applying K.S.A. 2021 Supp. 21-6820(a) and the principles considered in *Looney*, we find we have jurisdiction to consider this appeal. Still, we lack jurisdiction to review the district court's imposition of a consecutive sentence. See *State v. Young*, 313 Kan. 724, 740, 490 P.3d 1183 (2021) (appellate court lacks jurisdiction to review imposition of consecutive sentences when such disposition is authorized by statute).

*Berens' Waiver*

We next examine the State's argument that Berens waived his right to appeal. A defendant's waiver of their statutory right to appeal is generally enforceable if it is knowing and voluntary. See *State v. Patton*, 287 Kan. 200, 226, 195 P.3d 753 (2008). But the waiver must be unambiguous. And even when a plea agreement with an appeal waiver is ambiguous, it must be strictly construed in favor of the defendant to allow an appeal. *State v. Shull*, 52 Kan. App. 2d 981, 987-88, 381 P.3d 499 (2016).

In his acknowledgment of rights and entry of plea, Berens agreed to waive his right to appeal specific sentences or raise certain claims:

> "I understand that because of my agreement with the State, I am waiving any right to appeal any issues raised or that could have been raised in this case. I understand that my waiver of any right to appeal includes, and is not limited to: (1) the sentence imposed if the sentence is the presumptive sentence; (2) the accuracy of any criminal history score; (3) the accuracy of the crime severity level determination; (4) if the sentence imposed is not the presumptive sentence, claims of partiality, prejudice, or oppression or corrupt motive; and/or (5) a sentence imposed that is greater than agreed to in the plea agreement."

This provision does not, however, include any terms that would prevent Berens from raising the arguments he makes here. Berens is not appealing a presumptive sentence or a

5

sentence greater than the parties agreed to. Nor is he challenging his criminal history score. And his challenge to the district court's sentencing decision is not based on claims of partiality, prejudice, oppression, or corrupt motive.

But Berens also generally waived his right to appeal in another paragraph of plea agreement:

> "The parties agree that at the time of sentencing, each side is free to make an independent sentencing recommendation, including that Defendant may file a motion for a dispositional and/or durational departure. The defendant, after being made aware of and fully advised by counsel of all of his appellate rights, voluntarily and knowingly waives any and all of his rights of appeal."

We thus ask whether this provision is unambiguous. In *Patton*, our Supreme Court held that a similar statement in a plea agreement when the defendant generally waived "'his right to appeal'" did not bar the defendant from appealing the sentence imposed. 287 Kan. 200, Syl. ¶ 5. The *Patton* court found that the language was, "at best, ambiguous about the availability of any appeal of the sentences yet to come." 287 Kan. at 228.

In other cases, we have also considered the effect the district court's statements at sentencing may have on a defendant's ability to knowingly waive their right to appeal their sentence. In *Shull* and *State v. Bennett*, 51 Kan. App. 2d 356, 347 P.3d 229 (2015), this court noted that contrary to the terms of the parties' plea agreements, the district court told the defendants at sentencing that they had the right to appeal. *Shull*, 52 Kan. App. 2d at 989; *Bennett*, 51 Kan. App. 2d at 364-66. That happened here as well—after ruling, the district court told Berens that he had the right to appeal its sentencing findings and decision. And as in *Shull* and *Bennett*, neither the State nor Berens' attorney corrected this statement. The ambiguity of this provision, coupled with the confusion created by the court's statement, renders it unenforceable. Because Berens did not unambiguously waive his right to this appeal, we will consider the merits of his claim.

6

*Did the District Court Abuse Its Discretion?*

Berens argues that the district court abused its discretion by denying his request for a dispositional departure because he provided substantial and compelling reasons to depart. A sentencing court must impose the presumptive sentence under the sentencing guidelines absent substantial and compelling reasons for a departure. K.S.A. 2021 Supp. 21-6815(a). For a reason to be substantial, it "must be real, not imagined, and of substance, not ephemeral." *State v. Blackmon*, 285 Kan. 719, 724, 176 P.3d 160 (2008). To be compelling, it "must be one which forces the court, by the facts of the case, to abandon the status quo" and impose a different sentence. 285 Kan. at 724.

We review a district court's denial of a departure motion for an abuse of discretion. Because Berens does not allege an error of fact or law, he must show that no reasonable person would agree with the district court's sentencing decision. See *State v. Ibarra*, 307 Kan. 431, 433-34, 411 P.3d 318 (2018) (district court abuses its discretion in denying a departure motion if it relies on an error of fact or law, or if no reasonable person would agree with its decision).

*Berens Shows No Abuse of Discretion*

In granting Berens' request for a durational departure, the district court found that Berens was sincere about his efforts toward sobriety and had taken responsibility for his most recent crime. But contrary to Berens' claim on appeal, the district court's reliance on these facts to grant a durational departure did not require the district court to also grant Berens' request for probation. Cf. *State v. Robinson*, No. 122,599, 2021 WL 5992034, at *7 (Kan. App. 2021) (unpublished opinion) (affirming decision granting departure from duration but not disposition of KSGA sentence in drug possession case when defendant showed "accountability and desire to better his life"). The district court found Berens was not an appropriate candidate for probation and the record supports that finding.

Berens admitted that he had a long-term substance abuse issue and that he was under the influence of methamphetamine when he committed his crime of conviction. He also admitted that he had committed several previous offenses and had a criminal history score of A. Although Berens provided proof of recent drug treatment and a plan to continue treatment, that evidence does not establish that the district court's decision was so unreasonable that no reasonable person could agree with it. Because Berens has shown no abuse of discretion, we affirm.

Affirmed.