NOT DESIGNATED FOR PUBLICATION

No. 127,718

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee,*

v.

ELIZABETH MARIE BUTRY,
*Appellant.*

MEMORANDUM OPINION

Appeal from Riley District Court; JOHN BOSCH, judge. Submitted without oral argument. Opinion filed November 21, 2025. Affirmed.

*Michelle A. Davis*, of Kansas Appellate Defender Office, for appellant.

*David Lowden*, deputy county attorney, *Barry R. Wilkerson*, county attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before MALONE, P.J., COBLE, J., and SEAN HATFIELD, District Judge, assigned.

PER CURIAM: Elizabeth Marie Butry appeals the district court's denial of her motion for a dispositional and durational departure following guilty pleas to two counts of rape of a child under 14 years old. Butry claims the district court abused its discretion by finding she presented no substantial and compelling reason to support a departure. The State responds that Butry waived her right to appeal and that the district court did not abuse its discretion. For reasons explained below, we will consider the merits of Butry's appeal, but we affirm the district court's judgment.

1

On February 1, 2024, Butry pled guilty to two counts of the rape of a child under 14 years old, off-grid felonies under Jessica's Law. The factual basis supporting the pleas disclosed that on February 14, 2023, the victim, under 14 years old, went to Butry's house to deliver a Valentine's gift to another person, and while there Butry gave the victim alcohol, a vape pen, and then engaged in sexual intercourse. Sometime over the next two weeks, the victim returned to Butry's house, Butry gave the victim a "vape pen so that he was high," and the two again had sexual intercourse.

Butry signed a written plea agreement with the State where she agreed: "As a condition of this negotiated resolution, and as recognized in *State v. Patton*, 287 Kan. 200 (2008), the Defendant agrees to waive her right to appeal or collaterally attack the convictions, lawful sentence or terms of this plea agreement." The district court from the bench walked Butry through the plea agreement's terms and conducted a waiver of rights colloquy. When addressing Butry's right to appeal, the district court said:

> "If you're convicted of any or all the crimes charged, you have the right to appeal the verdict and to complain to an appeals court of any rulings made during the trial. During such an appeal you'd also be entitled to the assistance of an attorney.
> "Ms. Butry, do you understand these rights that are guaranteed to you upon a plea of not guilty?"

Butry also signed a waiver of rights form attached to the plea agreement. The form stated, "I know I have a limited right to appeal the sentence that is imposed." The form also stated that Butry understood:

> "I may not directly appeal my conviction, and I understand the appellate courts generally will not entertain an appeal from (a) an agreed-upon sentence approved by the court on the record, (b) a presumptive sentence, or (c) the denial of a departure motion. In any

appeal, however, I may challenge my criminal history score and any crime severity level determinations that affect my sentence. I may appeal from a sentence that departs from the presumptive sentence."

The district court discussed with Butry the possible sentences of 25 years to life in prison, and Butry acknowledged her understanding. The plea agreement similarly listed the possible penalty of 25 years to life in prison but allowed Butry to seek a departure to the sentencing grid. The district court at the end of its colloquy concluded that Butry freely, voluntarily, and intelligently waived her rights and entered her guilty pleas.

After the plea hearing, Butry moved for a dispositional and durational departure from the 25 years to life presumptive prison sentence to a sentence on the sentencing guidelines grid. Butry argued her low criminal history score, her acceptance of responsibility, the availability of rehabilitative programs, her minor children, and her ability to obtain employment as reasons for the district court to grant a departure.

The district court held a sentencing hearing on April 22, 2024. Butry called Jarrod Steffan, a forensic psychologist, who evaluated Butry on June 22, 2023. Steffan testified primarily about how his findings related to Butry's risk of recidivism. Steffan found that Butry presented some "factors associated with managing or assessment risk for sexual violence in the future" and that she did not have a "concerning type of personality for violence in the future." Those findings, along with research "in the literature on sexual recidivism of female sexual offenders" led Staffan to find that Butry "has a low risk for sexual recidivism and non-compliance of community supervision if she were to be released into the community in the near future." Steffan estimated the recidivism risk at 3.5 to 7 percent. Steffan also found that Butry exhibited patterns and features that "align with a schizoid personality disorder" that Butry could treat over time with therapy. On cross-examination, Steffan conceded that Butry told him she never had any kind of sexual relations with the victim. Butry also denied providing the victim with drugs or alcohol.

After Steffan's testimony, the victim's guardian made a statement that she forgave Butry and hoped Butry could access treatment as part of her sentence. The State argued that Butry's lack of criminal history was already factored into the Legislature's intent that the rape of a child under 14 years old carries an off-grid 25 year to life sentence. The State argued that Butry did not accept responsibility for her crimes through her plea because the State agreed to dismiss other charges as part of the plea agreement, giving Butry alternative motivation to accept the plea offer. The State urged the district court to find that Butry's age, 28 years old, cut against her. And the State asserted Butry's case was particularly offensive because the victim was loosely related to her and where she was a manager at the facility where the victim attended an after-school program.

After hearing the arguments, the district court confirmed the ages of Butry and the victim. Without much further elaboration, the district court found Butry did not present substantial and compelling reasons to support a departure. The district court sentenced Butry to concurrent terms of 25 years to life in prison with lifetime postrelease supervision. Butry timely appealed her sentence.

ANALYSIS

Butry's sole claim on appeal is that the district court erred in denying her motion to depart onto the sentencing grid. The State responds that we should not entertain Butry's appeal because she waived her right to appeal any lawful sentence as part of the plea agreement. Alternatively, the State argues that the district court did not abuse its discretion in denying Butry's departure motion. Butry has not replied to the State's argument that she waived her right to appeal her lawful sentence.

Appellate courts review decisions on departure requests for an abuse of discretion. *State v. Powell*, 308 Kan. 895, 902, 425 P.3d 309 (2018). "A district court abuses its discretion if no reasonable person could agree with its decision or if its exercise of

4

discretion is founded on a factual or legal error." *State v. Butler*, 315 Kan. 18, Syl. ¶ 1, 503 P.3d 239 (2022). The party asserting the district court abused its discretion bears the burden of showing it. *State v. Peters*, 319 Kan. 492, 497-98, 555 P.3d 1134 (2024).

*Has Butry waived her right to appeal?*

We will first address the State's argument that Butry waived her right to appeal her lawful sentence. A knowing and voluntary waiver of the right to appeal is generally enforceable. *State v. Patton*, 287 Kan. 200, 226, 195 P.3d 753 (2008). The State raises a question of jurisdiction over which we have unlimited review. *State v. Bennett*, 51 Kan. App. 2d 356, 361, 347 P.3d 229 (2015).

The State points to the plea agreement, which contains a provision that, "the Defendant agrees to waive her right to appeal or collaterally attack the convictions, lawful sentence or terms of this plea agreement." Because the State claims Butry's sentence is lawful, it argues she waived her right to appeal this lawful sentence through the above language. But we have been critical of waivers of the right to appeal when differences in wording among various unambiguous waivers on the record can combine to create ambiguity. See *Bennett*, 51 Kan. App. 2d at 365-66. We have also found that district courts can muddy the waters at sentencing by informing a criminal defendant that they have the right to appeal the sentence contrary to prior waivers. 51 Kan. App. 2d at 366. In such cases, we have held the confusion associated with the district court's statement at sentencing furthers the ambiguity of the defendant's waiver of the right to appeal and renders it unenforceable. *State v. Shull*, 52 Kan. App. 2d 981, 989, 381 P.3d 499 (2016); *Bennett*, 51 Kan. App. 2d at 366.

In *Bennett*, for example, Bennett appealed the district court's imposition of an upward durational departure following a guilty plea in accordance with a plea agreement reached with the State. We addressed on appeal whether Bennett waived her right to

appeal her sentence. Plea documents and the hearing colloquy indicated that Bennett waived her right to appeal her sentence, but those same waivers also included language indicating, for example, Bennett's understanding that she retained a limited right to appeal her sentence or the right to appeal some aspects of her sentence that we found "cast doubt on whether the sentence appeal waiver in this plea agreement can be deemed unambiguous." 51 Kan. App. 2d at 365. We also considered that the district court told Bennett at sentencing that she had a right to appeal her sentence. We found that created more ambiguity. 51 Kan. App. 2d at 365.

Butry's case presents similar circumstances to *Shull* and *Bennett*. The plea agreement and acknowledgment of rights form each introduced new waiver language that, while unambiguous on their own, could combine to form ambiguity over what rulings Butry waived her right to appeal. The district court provided a more general colloquy on Butry's right to appeal "the verdict and to complain to an appeals court of any rulings made during the trial" and the "rulings made in this case." The district court did little to specify that Butry was waiving the right to appeal her sentence. At sentencing the district court informed Butry that she "may appeal this sentence," further contributing to the ambiguity as in *Shull* and *Bennett*. Consistent with those cases, we find these various waivers in the record combine to form enough ambiguity in Butry's waiver of her right to appeal that we will address the merits of her claim. See *State v. Berens*, No. 124,125, 2022 WL 3135320, at *3 (Kan. App. 2022) (unpublished opinion) (where we reached a similar conclusion applying *Shull* and *Bennett* to similar facts).

*Did the district court abuse its discretion in denying the departure motion?*

Butry claims that her age, lack of criminal history, acceptance of responsibility, and Steffan's evaluation were substantial and compelling reasons for the district court to grant her a departure. K.S.A. 21-6627(d), which has not been amended since before Butry committed the offenses, lists several mitigating factors for the district court to consider

6

when deciding whether to grant a departure. Those mitigating factors include the age of the defendant and a lack of significant criminal history. K.S.A. 21-6627(d)(2)(A), (F).

Butry points to K.S.A. 21-6627(d) and cites cases for the general propositions that acceptance of responsibility and no prior felony convictions can be considered as non-statutory factors. And otherwise Butry declares that the district court abused its discretion by not accepting her circumstances as substantial and compelling. But Butry ignores that even if she presented some factors enumerated in K.S.A. 21-6627(d) or other non-statutory factors, the decision to grant or deny her motion remained discretionary and it is her burden to show an abuse of that discretion on appeal.

Although Butry presented some reasons for the district court to consider a departure, the district court agreed with the State's arguments for why those reasons were not substantial and compelling. Butry presents an abbreviated argument that the district court perhaps *could* have ruled in her favor, but she presents nothing explaining why it *should* have. Without some argument on appeal explaining *why* Butry's proposed factors rose to the level of substantial and compelling and *why* the district court's decision was unreasonable, Butry has not met her burden to show an abuse of discretion.

We addressed a similar claim in *State v. Schneider*, No. 124,993, 2023 WL 1879432, at *2 (Kan. App. 2023) (unpublished opinion). Schneider sought a departure after pleading no contest to rape, an off-grid felony under Jessica's Law. The district court denied the motion. Schneider argued in district court and on appeal that he had no criminal history, he had accepted responsibility through his plea, that he had been subjected to childhood trauma, and a psychiatric report indicated he was unlikely to reoffend if he received therapeutic intervention. 2023 WL 1879432, at *1-2.

We affirmed the district court's denial of Schneider's motion to depart. In doing so we analyzed our prior decisions over similar claims in other cases and found that even

7

when similarly situated defendants present the district courts with similar factors in support of a departure, the district courts may still exercise their sound discretion to find those factors not substantial and compelling. Because Schneider failed to produce a contrary case showing an abuse of discretion under similar circumstances, we found no abuse of discretion in Schneider's case and affirmed the district court's judgment. *Schneider*, 2023 WL 1879432, at *2.

Butry's case is similar to *Schneider* and those cases we reviewed in *Schneider*. Butry was convicted of an off-grid felony under Jessica's Law and moved for the district court to depart to the grid. Butry argued factors such as her age, her ability to find employment, and Steffan's report indicating she was unlikely to reoffend were substantial and compelling reasons to grant a departure. The district court found no substantial and compelling circumstances and denied the motion. Butry presents no contrary case on appeal showing that the district court lacked discretion to disagree with her assessment of her circumstances and deny her departure request. And she does not argue in any detail why the district court's decision on any particular factor was an abuse of discretion.

As the State argued at the sentencing hearing, Butry's age, 28 years old, cuts against her claim for leniency rather than supporting it. And as for Butry's acceptance of responsibility, Steffan admitted at the hearing that Butry denied having sexual relations with the victim and providing him with drugs or alcohol. Based on the record, we cannot say that no reasonable person would agree with the district court's decision. Butry has failed to show the district court abused its discretion in denying the departure motion.

Affirmed.