(217 P.3d 467)

No. 100,588

STATE OF KANSAS, *Appellee*, v. JOHN L. ARROCHA, *Appellant*.

Opinion filed October 9, 2009.

*Michael J. Bartee*, of Michael J. Bartee, P.A., of Olathe, for appellant.

*Steven J. Obermeier*, assistant district attorney, *Stephen M. Howe*, district attorney, and *Steve Six*, attorney general, for appellee.

Before RULON, C.J., ELLIOTT AND HILL, JJ.

HILL, J.: This appeal presents the question of whether a district court can legally add, by journal entry, a postrelease supervision term to a criminal sentence already pronounced from the bench. The law directs the sentencing court to pronounce the complete sentence at the sentencing hearing where the defendant is present. Criminal sentences have two parts, a period of confinement and a

period of postrelease supervision. Because the court here did not pronounce the complete sentence at the sentencing hearing by failing to include the term of postrelease supervision, we vacate the sentence and remand the case for resentencing.

*As an afterthought, the court added the postrelease supervision term in the journal entry of sentencing.*

John L. Arrocha is serving a prison sentence for his 2002 aggravated robbery and kidnapping convictions. In July 2007, Arrocha filed a "Motion for Correction of Journal Entry of Sentencing," stating the district court failed to announce any postrelease supervision at his sentencing hearing but had included the period in the written journal entry. Arrocha argued the inclusion of postrelease supervision in the journal entry was ineffective and asked the court to correct the journal entry to show no period of postrelease supervision. Only then, in his view, would the journal entry accurately reflect what the court said at the sentencing hearing.

The district court summarily denied the motion by citing K.S.A. 1999 Supp. 21-4704 and ruling the "plain language of the statute clearly indicates that even if the postrelease supervision period is not pronounced at sentencing, the postrelease supervision period is still valid." Arrocha appeals to this court, arguing the inclusion of 36 months' postrelease supervision in the journal entry of sentencing was an error the court should have corrected by granting his motion. The defendant asks that we remand the case with directions to enter a journal entry of sentencing consistent with the sentence as originally pronounced and eliminate any postrelease supervision period.

*A statute and a Supreme Court case control this issue.*

We have read the transcript of the sentencing hearing and, indeed, the court did not announce a period of postrelease supervision at that time. But the journal entry set a postrelease supervision term of 36 months. Also, we note that according to our sentencing guidelines, aggravated robbery, in violation of K.S.A. 21-3427 (Furse 1995), a severity level 3 person felony, and kidnapping, in violation of K.S.A. 21-3420 (Furse 1995), also a severity level 3

person felony, are presumptive imprisonment crimes. This means K.S.A. 1999 Supp. 21-4704(e)(2) controls.

That law requires the court to pronounce the complete sentence:

"In presumptive imprisonment cases, the sentencing court shall pronounce the complete sentence, which shall include the prison sentence, the maximum potential reduction to such sentence as a result of good time and the period of postrelease supervision at the sentencing hearing. Failure to pronounce the period of postrelease supervision shall not negate the existence of such period of postrelease supervision." K.S.A. 1999 Supp. 21-4704(e)(2).

Obviously, the sentencing court failed here to pronounce the complete sentence. In commenting about a later version of this statute, our Supreme Court stated: "This [statutory] requirement clearly mandates and defines two segments of the bifurcated sentence: the period of confinement and the period of postrelease supervision." *State v Gaudina*, 284 Kan. 354, 358, 160 P.3d 854 (2007). The court also stated that "postrelease supervision is the portion of the sentence that does not begin until the confinement portion of the sentence has been served." 284 Kan. at 358.

A defendant has a right to be present at sentencing. In felony cases, the defendant shall be present at the imposition of the sentence. See K.S.A. 22-3405(1). Therefore, a sentence imposed outside the presence of the defendant is void unless the defendant has waived this right. Also, the oral pronouncement of a sentence in the defendants presence controls over the subsequent written journal entry if there is a conflict between the two, since allowing the journal entry to control would effectively allow the defendant to be sentenced *in absentia*. See *State v. Baldwin*, 37 Kan. App. 2d 140, 143, 150 P.3d 325 (2007); see *Abasolo v. State*, 284 Kan. 299, 303-04, 160 P.3d 471 (2007).

The court erred when it did not pronounce the postrelease supervision term at the sentencing hearing. But that error does not mean Arrocha will not have to serve such a term. Clearly, the second section of the quoted statute posits that the failure to pronounce the period does not negate the existence of such a period. The incomplete sentence given Arrocha must be corrected.

We vacate the defendant's sentence and remand with directions for imposition of a complete sentence in open court.