NOT DESIGNATED FOR PUBLICATION

Nos. 119,107
119,108
119,109

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DALLAS ROBERT ROLLS,
*Appellant*.


MEMORANDUM OPINION

Appeal from Labette District Court; FRED W. JOHNSON, JR., judge. Opinion filed November 22, 2019. Affirmed in part, reversed in part, and remanded with directions.

*Jennifer C. Roth*, of Kansas Appellate Defender Office, for appellant.

*Stephen P. Jones*, county attorney, and *Derek Schmidt*, attorney general, for appellee.


Before SCHROEDER, P.J., PIERRON and STANDRIDGE, JJ.


PER CURIAM: Dallas Robert Rolls appeals from the district court's decision to revoke his probation in three separate cases and to require him to serve his underlying sentences consecutively. Rolls also argues two aspects of his original sentence rendered it illegal. For the reasons stated below, we affirm the district court's decision to revoke Rolls' probation and to order that the underlying sentences be served consecutively but reverse and remand with directions for the district court to impose a complete sentence in open court and to issue a nunc pro tunc order correcting clerical errors in the journal entries of judgment.

1

On January 10, 2014, Rolls was charged in case number 14 CR 2 with one count of residential burglary and one count of theft. Those charges stemmed from a January 8, 2014 incident where Rolls allegedly entered a neighbor's home and stole a white money bag containing change and a wild game video camera. Rolls posted bond after his arrest and was released from custody into pretrial supervision.

On May 7, 2014—while on felony bond in case number 14 CR 2—Rolls was charged in case number 14 CR 128 with one count of nonresidential burglary and one count of theft. Those charges stemmed from an incident that occurred between January 1, 2014, and May 6, 2014, in which Rolls allegedly entered the Mound Valley Fire Department and stole a radio. The district court denied Rolls' request to be released on bond.

Also on May 7, 2014, Rolls was charged in case number 14 CR 129 with one count of aggravated burglary and one count each of nonresidential burglary and theft. Those charges stemmed from a May 6, 2014 incident in which Rolls—along with a juvenile accomplice—allegedly broke into a garage, stole a couple of all-terrain vehicles, and took them "mudding" before abandoning one of the vehicles in a pond and hiding the other one in a grove of trees. The two then returned to the garage where they found a set of keys hanging on a hook and used them to open the backdoor of the residence. Once inside, they stole some money and a .22 caliber pistol that they found behind a rocking chair. They then found another set of keys, which they used to steal a 2014 Chevrolet pickup truck. As in 14 CR 128, the district court denied Rolls' request to be released on bond.

Rolls pled guilty or no contest to all of the charges in each of the three cases. But the district court later allowed him to withdraw his guilty and no contest pleas in 14 CR 2

and 14 CR 128 so that he could lower his criminal history score prior to sentencing in 14 CR 129.

Based on a criminal history score of I, the district court sentenced Rolls in case number 14 CR 129 to 32 months in prison but imposed probation for a period of 36 months. The court ordered Rolls to pay court costs and $7,559.66 in restitution, $500 of which was to be paid to the victim and the rest to the victim's insurance company. Notwithstanding the court's oral ruling from the bench, the journal entry of judgment filed after sentencing incorrectly indicated that Rolls' criminal history score was C, that his underlying prison sentence was 36 months, and that he owed the victim $6,500 in restitution.

After he was sentenced in 14 CR 129, Rolls re-entered his guilty and no contest pleas in 14 CR 2 and 14 CR 128. Based on a criminal history score of C, the district court sentenced Rolls in case number 14 CR 2 to 27 months in prison but imposed probation for a period of 24 months. The court ordered the 27-month prison sentence in 14 CR 2 to run consecutive to the 32-month sentence in 14 CR 129. Based on a criminal history score of B, the district court sentenced Rolls in case number 14 CR 128 to 29 months in prison but imposed probation for a period of 24 months. The court ordered the 29-month prison sentence in 14 CR 128 to run consecutive to both the 32-month sentence in 14 CR 129 and the 27-month sentence in 14 CR 2.

About four months after the May 2015 sentencing hearing, the State moved to revoke Rolls' probation in all three cases based on allegations that he violated the conditions of probation. Rolls stipulated to the violations at a November 2, 2015 hearing. The district court did not revoke probation but ordered Rolls to serve a 3-day jail sanction and to restart the clock on his 36-month period of probation.

On January 25, 2016, less than three months after the jail sanction was imposed, the State filed a second motion to revoke Rolls' probation in all three cases. At the August 3, 2016 probation violation hearing, Rolls stipulated to the alleged probation violations. The district court did not revoke probation but ordered Rolls to serve a 180-day prison sanction and extended his probation period for another 60 months, which would begin after he was released from prison.

On September 13, 2017, just over a year after the prison sanction was imposed, the State filed its third motion to revoke Rolls' probation in all three cases. This time, Rolls did not stipulate to the alleged violations. The district court held an evidentiary hearing on December 14, 2017. At that hearing, Rolls' probation officer, Nikki Russell, testified that Rolls left the state without authorization and failed to report as required. Russell said she had not seen or communicated with Rolls since August 25, 2017. Rolls also testified at the hearing. He explained that his failure to report to Russell after August 25, 2017, was due to a lack of transportation and that he did not call her or otherwise communicate with her because "fear got the best of [him]" after he missed his appointment. After hearing the evidence and arguments of counsel, the district court found by a preponderance of the evidence that Rolls violated the conditions of his probation. The district court revoked Rolls' probation and ordered him to serve the underlying prison sentences in all three cases consecutively.

ANALYSIS

On appeal, Rolls claims the district court erred when it: (1) revoked his probation and ordered him to serve the underlying prison sentences in two of his three cases, (2) ordered each of the underlying prison sentences to run consecutively, (3) failed to announce a period of postrelease supervision from the bench, and (4) made clerical and typographical errors in the journal entry of judgment for one of the cases. We address each of Rolls' claims in turn.

4

1. *Revocation in 14 CR 128 and 14 CR 129*

Rolls does not dispute that the evidence presented at the revocation hearing was sufficient to demonstrate that he failed to comply with the conditions of his probation in all three cases. Instead, he argues that the district court erred when it revoked his probation and ordered him to serve his underlying sentences in 14 CR 128 and 14 CR 129 without first imposing intermediate sanctions.

When a probation violation has been established, the decision to revoke probation rests within the sound discretion of the district court. *State v. McFeeters*, 52 Kan. App. 2d 45, 47, 362 P.3d 603 (2015). A judicial action constitutes an abuse of discretion if (1) no reasonable person would take the view adopted by the district court, (2) it is based on an error of law, or (3) it is based on an error of fact. *State v. Marshall*, 303 Kan. 438, 445, 362 P.3d 587 (2015).

At the time of the third, and most recent, revocation hearing in this case, the procedure for revoking a defendant's probation was governed by K.S.A. 2017 Supp. 22-3716. Under subsection (c) of that statute, a district court may revoke a defendant's probation and impose the underlying sentence, or any lesser sentence, based on a finding that the defendant violated the terms of probation. See K.S.A. 2017 Supp. 22-3716(c). As a general rule, however, the district court must impose a series of graduated intermediate sanctions before revoking probation and imposing an underlying sentence. See K.S.A. 2017 Supp. 22-3716(c)(1). In order to properly analyze Rolls' claim of error, we find it helpful to provide a brief summary of the applicable graduated sanctioning scheme for probationers who violate the terms of their probation.

Subsection (c)(1)(A) permits the district court to continue the violator on probation, either on the same or modified release conditions. If the district court chooses

to sanction a probation violator with incarceration, subsections (c)(1)(B) through (c)(1)(E) establish the permissible progression of sanctions.

Subsection (c)(1)(B) provides the first step in the graduated intermediate sanctions scheme. The district court can order the violator to serve a 2-day or 3-day stint in jail, with an outside limit of 18 days of total confinement in jail.

If a probation violator already has had at least one jail sanction under (c)(1)(B), the district court can impose the next step: sending the violator to prison for 120 days, subject to a discretionary reduction of up to 60 days by the Secretary of Corrections. K.S.A. 2017 Supp. 22-3716(c)(1)(C). The court can use this sanction step only once during the probation term.

If a probation violator already has had a jail sanction imposed under subsection (c)(1)(B) or a 120-day prison sanction imposed under subsection (c)(1)(C), the district court can send the violator to prison for 180 days, subject to the Secretary's discretion to reduce the term up to 90 days. K.S.A. 2017 Supp. 22-3716(c)(1)(D). Again, this sanction shall not be imposed more than once during the term of supervision.

Finally, if a violator has been sanctioned with time in prison under subsection (c)(1)(C) or (c)(1)(D), the final step is to revoke the probation and require the violator to serve the original underlying sentence or any lesser sentence. K.S.A. 2017 Supp. 22-3716(c)(1)(E).

The statute also sets forth certain circumstances under which a district court may bypass the graduated intermediate sanctions steps and proceed directly to the revocation described in subsection (c)(1)(E). The bypass circumstances in K.S.A. 2017 Supp. 22-3716(c)(8) are: (A) the violator has committed a new misdemeanor or felony, or (B) the

6

violator has absconded from supervision. The bypass circumstances in K.S.A. 2017 Supp. 22-3716(c)(9) exist if:

> "(A) The court finds and sets forth with particularity the reasons for finding that the safety of members of the public will be jeopardized or that the welfare of the offender will not be served by such sanction; or
>
> "(B) the probation, assignment to a community correctional services program, suspension of sentence or nonprison sanction was originally granted as the result of a dispositional departure granted by the sentencing court pursuant to K.S.A. 2017 Supp. 21-6815, and amendments thereto."

Having summarized the applicable graduated sanctioning scheme and its exceptions, we turn back to the facts presented in this case. The district court imposed a three-day jail sanction after Rolls stipulated to probation violations at his first hearing. The court then imposed a 180-day prison sanction after Rolls stipulated to probation violations at his second violation hearing. At the third violation hearing, the court revoked Rolls' probation and ordered him to serve the underlying prison sentences in all three cases consecutively.

Rolls claims the district court erred by revoking his probation and ordering him to serve his underlying sentences in case numbers 14 CR 128 and 14 CR 129 without first imposing graduated sanctions. In support of this claim, Rolls relies on the language in the district court's revocation orders to argue that the court applied the first two intermediate sanctions only to case number 14 CR 2.

The revocation order in 14 CR 2 cites to K.S.A. 2017 Supp. 22-3716(c)(1)(E) (previous jail and previous prison intermediate sanctions) as authority for bypassing further sanctions and revoking probation. The revocation orders in the other two cases, however, cite to subsection (c)(8) (exception when offender commits new crime or absconds) and subsection (c)(9) (exception for public safety, offender welfare, and

original dispositional departure) as authority for bypassing intermediate sanctions. Because there are no facts in the record to support these exceptions, Rolls argues the district court erred when it revoked his probation and ordered him to serve his underlying sentences in 14 CR 128 and 14 CR 129 without first imposing intermediate sanctions.

But Rolls' argument ignores K.S.A. 2017 Supp. 22-3716(c)(10), which expressly requires that all intermediate sanctions be imposed concurrently when a defendant is serving multiple probation terms concurrently. Based on the plain language set forth in this subsection, the 3-day jail sanction and the 180-day prison sanction were required by statute to apply to all three cases in which he was serving probation when the sanctions were imposed. Although we acknowledge that the district court erroneously cited to subsections (c)(8) and (c)(9) in its journal entries of probation revocation, the court was well within its authority and discretion to revoke Rolls' probation and impose the underlying sentences in 14 CR 128 and 14 CR 129. We therefore affirm the district court's decision as being right for the wrong reason. See *State v. Williams*, 303 Kan. 585, 595, 363 P.3d 1101 (2016) (court can affirm judgment when right for the wrong reason).

2. *Consecutive sentences*

Rolls argues his sentences are illegal because the district court improperly ordered them to be served consecutively. An illegal sentence is any sentence that is "[i]mposed by a court without jurisdiction; that does not conform to the applicable statutory provision, either in character or punishment; or that is ambiguous with respect to the time and manner in which it is to be served at the time it is pronounced." K.S.A. 2018 Supp. 22-3504(3). Rolls did not raise this issue below but this court has jurisdiction to consider a claim of illegal sentence for the first time on appeal. See K.S.A. 2018 Supp. 22-3504(1) ("The court may correct an illegal sentence at any time."). Whether a sentence is illegal is a question of law over which an appellate court has unlimited review. *State v. Lee*, 304 Kan. 416, 417, 372 P.3d 415 (2016).

Rolls argues that the underlying sentence imposed in 14 CR 129 is ambiguous because the journal entry of sentencing indicates it is to be served consecutively to the then nonexistent underlying prison sentences in 14 CR 2 and 14 CR 128. But a criminal sentence does not derive its effectiveness from a journal entry, rather it is effective upon its pronouncement from the bench. See *Abasolo v. State*, 284 Kan. 299, Syl. ¶ 3, 160 P.3d 471 (2007). The journal entry provides a record of the sentence imposed; thus, "where the sentence announced from the bench differs from the sentence later described in the journal entry, the orally pronounced sentence controls" and the journal entry must be corrected to reflect the actual sentence imposed. 284 Kan. at 303-04; see K.S.A. 2018 Supp. 22-3504(2).

In this case, the district court sentenced Rolls in 14 CR 129 at a hearing held on April 10, 2015. At that sentencing hearing, the court noted it had allowed Rolls to withdraw his pleas in 14 CR 2 and 14 CR 128 but otherwise made no mention of those cases. In the journal entry of judgment, however, the district court indicated that Rolls' underlying prison sentence in 14 CR 129 was to be served consecutively to the then nonexistent underlying prison sentences in 14 CR 2 and 14 CR 128. Rolls argues that this discrepancy renders his sentence in 14 CR 129 illegal. We are not persuaded by this argument. The sentence pronounced from the bench—which did not mention 14 CR 2 or 14 CR 128—is the controlling sentence, and the journal entry must be changed to reflect that sentence. See *Abasolo*, 284 Kan. at 303-04. Although the controlling sentence in 14 CR 129 is not illegal, we remand the case to the district court with instructions to issue a nunc pro tunc order correcting the journal entry of judgment. See *State v. Mason*, 294 Kan. 675, 677, 279 P.3d 707 (2012).

Rolls also claims that his sentences in 14 CR 2 and 14 CR 128 are illegal because he was ordered to serve the underlying prison sentence in each case consecutively to one another as well as to the underlying prison sentence in 14 CR 129. When separate prison sentences for different crimes committed by the same defendant are imposed on the same

9

day, the district court has the discretion to run those prison sentences concurrent or consecutive. K.S.A. 2018 Supp. 21-6606(a). Rolls was sentenced in 14 CR 2 and 14 CR 128 on the same day; therefore, the court has the discretion to run the sentences in those two cases consecutive or concurrent. The district court's decision to run them consecutive does not render the sentences illegal.

Moreover, Rolls was on felony bond in 14 CR 2 when he committed the crimes in 14 CR 128 and 14 CR 129. When a new felony is committed while the offender is released on a felony bond, the sentence for that new felony may be imposed consecutive to any sentence imposed for the crime in which the offender was on felony bond. K.S.A. 2018 Supp. 21-6604(f)(4). Given Rolls was on felony bond when he committed the crimes in 14 CR 128 and 14 CR 129, the district court was well within its discretion to sentence all of these cases to run consecutive.

3. *Postrelease supervision*

Rolls contends his sentence is illegal because the district court failed to orally impose a term of postrelease supervision and instead simply included that component of the punishment in a written journal entry. As previously stated, an illegal sentence may be corrected at any time. K.S.A. 2018 Supp. 22-3504(1). Whether a sentence is illegal within the meaning of K.S.A. 2018 Supp. 22-3504 is a question of law over which an appellate court has unlimited review. *Lee*, 304 Kan. at 417.

A sentence that is not orally pronounced in open court is ambiguous with respect to the time and manner in which it is to be served and thus illegal. See *State v. Howard*, 287 Kan. 686, Syl. ¶ 4, 198 P.3d 146 (2008); see also *Abasolo*, 284 Kan. 299, Syl. ¶ 3 ("A criminal sentence is effective upon pronouncement from the bench; it does not derive its effectiveness from the journal entry."). Under K.S.A. 2014 Supp. 21-6804(e)(2), the sentencing court must orally pronounce the complete sentence, which includes any

10

postrelease supervision period, at the sentencing hearing. But failure to "pronounce the period of postrelease supervision shall not negate the existence of such period of postrelease supervision." K.S.A. 2018 Supp. 21-6804(e)(2)(C). This court has determined the appropriate remedy in a case where the sentencing court failed to pronounce the postrelease supervision period but included the term in a journal entry was to remand for resentencing so that a complete sentence could be imposed in open court. *State v. Arrocha*, 42 Kan. App. 2d 796, 798, 217 P.3d 467 (2009). The State concedes that the case should be remanded for resentencing.

4. *Restitution*

Rolls argues that the district court erred in 14 CR 129 when, at sentencing, it ordered him to pay the victims $500 in restitution but then filed a journal entry of judgment that stated he owed the victims $6,500 in restitution. He also notes that the box for "Defendant informed of duty to register" was checked and claims that too was done in error. He is raising these issues for the first time on appeal, but "[c]lerical mistakes in judgments, orders or other parts of the record and errors in the record arising from oversight or omission may be corrected by the court at any time and after such notice, if any, as the court orders." K.S.A. 2018 Supp. 22-3504(2). And again, appellate courts exercise unlimited review over questions of statutory interpretation. *State v. Collins*, 303 Kan. 472, 473-74, 362 P.3d 1098 (2015).

The State agrees that the cases should be remanded with directions for the district court to issue a nunc pro tunc order correcting the journal entry of sentencing to reflect the actual, legal sentence pronounced from the bench.

In sum, we affirm the district court's decision to revoke Rolls' probation and its decision to order the underlying sentences in all three cases be served consecutively. But we reverse and remand with directions for the district court to impose a complete

11

sentence in open court, with Rolls present, on the issue of postrelease supervision and to issue a nunc pro tunc order correcting any clerical mistakes and errors in any of the journal entries of judgment.

Affirmed in part, reversed in part, and remanded with directions.