NOT DESIGNATED FOR PUBLICATION

No. 120,970

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

AUSTIN RAY BOTT,
*Appellant*.

MEMORANDUM OPINION

Appeal from Saline District Court; RENE S. YOUNG, judge. Opinion filed June 26, 2020.
Remanded with directions.

*Kristen B. Patty*, of Wichita, for appellant.

*Ellen Mitchell*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before GARDNER, P.J., WARNER, J., and ROBERT J. WONNELL, District Judge, assigned.

PER CURIAM: On October 17, 2018, Austin Ray Bott pleaded guilty to kidnapping and aggravated robbery in exchange for dismissal of other charged conduct. The district court accepted his guilty plea.

*Factual and Procedural Background*

On December 11, 2018, the district court sentenced Bott to 116 months' imprisonment and 36 months' postrelease supervision. Bott timely appealed. Although the journal entry reflected that "[f]or each count, the Court pronounced the complete

1

sentence, including the maximum potential good time percentage," the district court did not discuss good time at the sentencing hearing. We find that a complete sentence was not pronounced and remand with instructions.

*Jurisdiction*

As a preliminary matter, the State argues that this court does not have jurisdiction to review Bott's claim because he received a presumptive sentence under the Kansas Sentencing Guidelines Act (KSGA). As the State correctly points out, the KSGA provides that appellate courts lack jurisdiction to review a sentence that is presumptive or that is the result of a plea agreement. See K.S.A. 2019 Supp. 21-6820(c). Here, Bott's sentence was both presumptive and the result of a plea agreement.

However, the statutory preclusion preventing this court from reviewing a presumptive sentence, or one that is the result of a plea agreement, must be read in conjunction with this court's authority to correct an illegal sentence at any time. See K.S.A. 2019 Supp. 22-3504(a). The Kansas Supreme Court in *State v. Quested*, 302 Kan. 262, 264, 352 P.3d 553 (2015), addressed a similar lack of jurisdiction argument by the State and found that the fact that the defendant received a sentence that was the result of a plea agreement did not bar an illegal sentence claim, stating: "This court has reconciled the two statutes by holding that an appellate court has jurisdiction to correct an illegal sentence even if it was agreed to in a plea." See also *State v. Shull*, 52 Kan. App. 2d 981, 986, 381 P.3d 499 (2016) ("th[e] statutory limitation [in K.S.A. 21-6820(c)(2)] on appellate jurisdiction does not preclude appellate review of a claim of an illegal sentence").

Here, Bott argues that the sentence as pronounced was illegal. An illegal sentence is one "[i]mposed by a court without jurisdiction; that does not conform to the applicable statutory provision, either in character or punishment; or that is ambiguous with respect

2

to the time and manner in which it is to be served at the time it is pronounced." K.S.A. 2019 Supp. 22-3504(c)(1). Therefore, this court has jurisdiction to review Bott's claim regarding the imposition of an illegal sentence.

*Standard of Review*

A court can correct an illegal sentence at any time while the defendant is serving such sentence. K.S.A. 2019 Supp. 22-3504(a). Whether a sentence is illegal and issues involving statutory interpretation are both questions of law subject to unlimited review. *State v. Fowler*, 311 Kan. 136, 139, 457 P.3d 927 (2020).

*Did the District Court's Failure to State the Maximum Potential Good Time Reduction at Bott's Sentencing Hearing Render His Sentence Illegal?*

Relying on K.S.A. 2019 Supp. 21-6804(e)(2) and *State v. Arrocha*, 42 Kan. App. 2d 796, 217 P.3d 467 (2009), Bott argues the district court's failure to pronounce the maximum potential good time reduction renders his sentence incomplete and thus illegal.

The State argues that Bott's sentence is not ambiguous because the maximum amount of good time credit he could receive is controlled by statute and thus the district court's failure to pronounce it at sentencing "has no impact on Bott's sentence." The State also argues the "shall" in K.S.A. 2019 Supp. 21-6804(e)(2), relating to the maximum good time credit, should be read as discretionary, not mandatory. The State then asserts that this case is distinguishable from *Arrocha*. The State concludes by stating it has no "strong" objection to the case being remanded, but it does not see the necessity.

*Analysis*

It is undisputed that the district court failed to pronounce the maximum potential good time reduction at Bott's sentencing hearing. Additionally, neither party contests that Bott is entitled to a potential good time reduction and to be present at the imposition of sentence.

The sentencing court shall pronounce the sentence in all felony cases. K.S.A. 2019 Supp. 21-6806(b). K.S.A. 2019 Supp. 21-6804(e)(2) then clearly states what is required during pronouncement:

> "In presumptive imprisonment cases, the sentencing court shall pronounce the complete sentence which shall include the:
> (A) Prison sentence;
> (B) maximum potential reduction to such sentence as a result of good time; and
> (C) period of postrelease supervision at the sentencing hearing. Failure to pronounce the period of postrelease supervision shall not negate the existence of such period of postrelease supervision."

Thus, by the statute's plain language, a "complete sentence" requires the district court to pronounce the prison sentence, the maximum potential reduction to a sentence based on good time, and the period of postrelease supervision.

The State acknowledges this provision but argues that the "shall" requiring the district court to pronounce the maximum potential good time reduction should be read as discretionary. The statutory language does not support such a contention. The "shall" applies to all three subsections, including the pronouncement of the prison sentence and the period of postrelease supervision; and Kansas caselaw has determined that failure to pronounce the period of postrelease supervision at the sentencing hearing results in an incomplete sentence that requires resentencing. See, e.g., *Arrocha*, 42 Kan. App. 2d at

4

798; *State v. Rolls*, No. 119,107, 2019 WL 6224398, at *5 (Kan. App. 2019) (unpublished opinion).

In *Arrocha*, the defendant advanced a similar incomplete sentence argument but relied on the district court's failure to pronounce the postrelease supervision period at sentencing. See 42 Kan. App. 2d at 797. The *Arrocha* panel cited K.S.A. 1999 Supp. 21-4704(e)(2)—the previous version of K.S.A. 2019 Supp. 21-6804(e)(2)—which stated that a sentencing court must pronounce "'the complete sentence, which shall include the prison sentence, the maximum potential reduction to such sentence as a result of good time and the period of postrelease supervision.'" 42 Kan. App. 2d at 798. The panel found that by failing to pronounce the postrelease supervision period at the sentencing hearing, the district court failed to pronounce a complete sentence as required by law. The panel then stated that a defendant has a right to be present at sentencing, and a sentence imposed in the journal entry but not at the hearing effectively violated that right. Thus, the panel remanded the case for the district court to impose a complete sentence at a sentencing hearing in the defendant's presence. 42 Kan. App. 2d at 798.

The same rationale applies to the case at bar. The direction contained in K.S.A. 2019 Supp. 21-6804(e)(2) mandates the district court to pronounce a complete sentence, and the maximum potential good time reduction is part of the complete sentence. Thus, by failing to announce the maximum potential good time reduction at the sentencing hearing, the district court did not pronounce a complete sentence.

In addition, for failing to comply with the statutory requirements, the failure to pronounce the good time credit rendered the sentence ambiguous with respect to the time of service. A sentence that is not orally pronounced in open court is ambiguous with respect to the time and manner in which it is to be served. *Rolls*, 2019 WL 6224398, at *5. The inclusion of the good time credit in the journal entry does not correct this error. A

sentence derives its effectiveness from the pronouncement, not the journal entry. See *Abasolo v. State*, 284 Kan. 299, Syl. ¶ 3, 160 P.3d 471 (2007).

The State then argues that even if the district court did not pronounce a complete sentence, the failure does not affect Bott because the district court has no discretion in setting the maximum potential good time reduction. The State is correct that Bott can only receive up to a 15% reduction based on his crimes of conviction. See K.S.A. 2019 Supp. 21-6821(b)(2). However, simply because the district court does not have discretion in determining the amount of the potential good time reduction, does not mean that the district court's failure to pronounce it has no effect on Bott. The district court is required by law to pronounce a complete sentence in the defendant's presence. K.S.A. 2019 Supp. 21-6804(e)(2); K.S.A. 2019 Supp. 22-3405. Therefore, the failure to pronounce a complete sentence affects Bott's right to hear his complete sentence in his pronouncement. It is a common law and statutory right to be present and to personally hear the pronouncement of one's criminal sentence. See *State v. Fennell*, 218 Kan. 170, 176-77, 542 P.2d 686 (1975); K.S.A. 2019 Supp. 22-3405.

Finally, the State argues that a resentencing hearing would be "costly" and "unnecessary," but it has no "strong" objection if Bott wants to hear his complete sentence. Our analysis is not governed by whether the effect of this court's order results in an increase in transportation costs, but whether a defendant was denied a common law and statutory right to hear his complete sentence. We find that he was, and the matter is remanded with instructions for the district court to pronounce a complete sentence in Bott's presence.

Remanded with directions.