NOT DESIGNATED FOR PUBLICATION

No. 119,442

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

MARQUEZ A. RIDGE,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; JEFFREY E. GOERING, judge. Opinion filed September 25, 2020. Sentence vacated and case remanded with directions.

*Wendie C. Miller*, of Kenneth B. Miller, Attorney at Law, of Wichita, for appellant.

*Boyd K. Isherwood*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MALONE, P.J., BUSER and POWELL, JJ.

PER CURIAM: Marquez A. Ridge appeals the district court's summary denial of his motion to correct an illegal sentence. Ridge contends he should be resentenced because the district court failed to orally pronounce his 36-month period of postrelease supervision, which was included in the journal entry of sentencing. Upon our review, we vacate Ridge's sentence and remand for resentencing with directions to pronounce Ridge's complete sentence—including the term of postrelease supervision—in open court.

1

FACTUAL AND PROCEDURAL BACKGROUND

In March 1997, a jury convicted Ridge of aggravated robbery. Prior to sentencing, the State moved for an upward durational departure and Ridge moved for a downward durational departure.

At sentencing, witnesses testified on behalf of the State, both parties argued in support of their motions for sentencing departures, and Ridge personally addressed the district court. Thereafter, the district judge stated, "I find that the primary offense is, of course, Count 1, which calls for a prison term of 172 to 180 to 190 months and a postrelease supervision duration of 36 months." The district court then noted that each party filed a departure motion and proceeded to discuss the reasons why it was imposing the State's requested upward departure sentence. The district judge then stated:

> "It is the judgment, order, and sentence of this Court that you be sentenced as follows: On Count 1, 190 months doubled to 380 months, for a total term of incarceration of 380 months plus court costs.
> "Mr. Ridge, you will be entitled to a good-time credit of up to 20 percent. I believe [it's] only 15 percent, but it could be up to 20 percent. You will receive credit for time that you have served.
> "I will inform you, sir, that you do have a right to appeal your conviction, and you do have a right to transcripts if you cannot afford them. The appeal deadline is ten days after the entry of this order, and this is something that you should discuss with your attorney."

Importantly, the district court did not state that Ridge's sentence included a 36-month period of postrelease supervision when imposing the 380-month prison term. The district court filed a journal entry of sentencing, however, which stated that Ridge's sentence included a 36-month term of postrelease supervision.

About 20 years later, on October 5, 2017, Ridge filed a motion to correct an illegal sentence. He argued that his sentence was illegal because the district court failed to orally pronounce a postrelease supervision term. The State countered that the district court adequately pronounced the term of postrelease supervision when it informed Ridge that his conviction called for a 36-month term of postrelease supervision before granting the State's upward departure motion. Alternatively, the State asserted that any error was harmless.

The district court summarily denied Ridge's motion, finding the record showed that the district court did not fail to pronounce the term of postrelease supervision. Ridge appeals.

ANALYSIS

Ridge contends his sentence is illegal because the sentencing court failed to pronounce a period of postrelease supervision as required by K.S.A. 21-4704(e)(2), now K.S.A. 2019 Supp. 21-6804(e)(2). Whether a sentence is illegal is a question of law subject to de novo review. *State v. Lee*, 304 Kan. 416, 417, 372 P.3d 415 (2016). When a district court summarily denies a motion to correct an illegal sentence, our review is unlimited because we have the same access to the motion, records, and files as the district court. *State v. Redding*, 310 Kan. 15, 23, 444 P.3d 989 (2019).

A sentence that is not orally pronounced in open court is ambiguous with respect to the time and manner it is to be served and, as a result, is illegal. See *State v. Howard*, 287 Kan. 686, Syl. ¶ 4, 198 P.3d 146 (2008); see also *Abasolo v. State*, 284 Kan. 299, Syl. ¶ 3, 160 P.3d 471 (2007) ("A criminal sentence is effective upon pronouncement from the bench; it does not derive its effectiveness from the journal entry."). Under K.S.A. 2019 Supp. 21-6804(e)(2), the sentencing court must orally pronounce the complete sentence, which includes the period of postrelease supervision, at the

3

sentencing hearing. But any failure to "pronounce the period of postrelease supervision shall not negate the existence of such period of postrelease supervision." K.S.A. 2019 Supp. 21-6804(e)(2)(C).

A district court may not add a postrelease supervision term by journal entry to a criminal sentence which was already pronounced from the bench. *State v. Arrocha*, 42 Kan. App. 2d 796, 796-97, 217 P.3d 467 (2009). And when a sentencing court fails to pronounce the term of postrelease supervision but includes the term in the sentencing journal entry, an appellate court must vacate the sentence and remand for resentencing with directions to pronounce the complete sentence, including the term of postrelease supervision, in open court. 42 Kan. App. 2d 796, Syl. ¶ 4.

The State argues the district court pronounced the postrelease supervision term when it stated in open court that Ridge's conviction called for a prison sentence of 172 to 190 months and a 36-month term of postrelease supervision. However, this statement occurred before the district court discussed the circumstances relevant to the departure motions, before it ruled in favor of the State's departure motion, and before the court ruled, "It is the judgment, order, and sentence of this Court that you be sentenced as follows:  On Count 1, 190 months doubled to 380 months, for a total term of incarceration of 380 months plus court costs."

When addressing similar circumstances, our court has found that mentioning postrelease supervision in a discussion of a defendant's potential sentence does not constitute pronouncing the term of postrelease supervision as part of the defendant's sentence. See *State v. Fleming*, No. 102,152, 2010 WL 3063182, at *1-2 (Kan. App. 2010) (unpublished opinion). In *Fleming*, the sentencing court first noted that, if sentenced to prison, Fleming could earn up to 15% good-time credit and would have to serve a 24-month postrelease supervision period. The district court then heard comments from Fleming's family members before pronouncing Fleming's 35-month prison sentence

without mentioning postrelease supervision. Our court held that, when mentioning postrelease supervision, the district court was not pronouncing Fleming's sentence but was instead advising him of his potential sentence. Since the postrelease supervision period was not pronounced as part of Fleming's sentence, we remanded the case with instructions to pronounce a complete sentence. 2010 WL 3063182, at *2-3.

Similar to *Fleming*, the district court in this case was not pronouncing Ridge's sentence when it informed the defendant that his sentence called for a 36-month period of postrelease supervision. Instead, the district court was only advising Ridge of the potential sentence under the sentencing guidelines. The district court did not pronounce Ridge's sentence until later in the hearing after it addressed the departure motions and announced, "It is the judgment, order, and sentence of this Court that you be sentenced as follows." The district court then failed to state the period of postrelease supervision after declaring that it was announcing Ridge's sentence. As a result, the district court's mention of postrelease supervision failed to satisfy the requirement to pronounce Ridge's complete sentence.

While the State argued in district court that any error was harmless, it does not reprise that argument on appeal. As a result, this argument is waived. See *State v. Arnett*, 307 Kan. 648, 650, 413 P.3d 787 (2018). Regardless, allowing the journal entry's imposition of postrelease supervision to control despite the lack of an oral pronouncement would effectively allow that portion of the sentence to be imposed outside of Ridge's presence. And, absent a waiver, a sentence imposed outside of a defendant's presence is void. *Arrocha*, 42 Kan. App. 2d at 798.

Because the district court failed to pronounce the postrelease supervision period at sentencing, we vacate Ridge's sentence and remand the case for resentencing with directions that the district court pronounce a complete sentence in open court.