NOT DESIGNATED FOR PUBLICATION

No. 127,079

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

CHARVELLE L. ROBINSON,
*Appellant*.


MEMORANDUM OPINION

Appeal from Sedgwick District Court; DAVID J. KAUFMAN, judge. Submitted without oral argument. Opinion filed July 26, 2024. Affirmed.

*Charvelle L. Robinson*, appellant pro se.

*Matt J. Maloney*, assistant district attorney, *Marc Bennett*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.


Before HILL, P.J., ATCHESON and CLINE, JJ.


PER CURIAM: Charvelle L. Robinson appeals the summary denial of his motion to correct an illegal sentence, which he filed under K.S.A. 22-3504. He claims the district court improperly sentenced him in abstentia when it issued a journal entry that corrected an arithmetic error the court made when pronouncing his total period of confinement. He argued his sentence was void and should be vacated because the district court corrected his total sentence in a journal entry instead of in open court in Robinson's presence.

1

Robinson was convicted of two counts of aggravated robbery in 2005. At sentencing, the district court apparently stated: "'In count one I'm going to sentence the defendant to a period of 216 months in the custody of the Secretary of Corrections. The sentence in count two will be 61 months. These two sentences will run consecutive to each other for a controlling term of 271 (*sic*) months.'"

The district court soon recognized its mistake and corrected Robinson's sentence in a journal entry which stated: "'In Court, the total period of confinement ordered was mistakenly pronounced as 271 months. Court intended defendant to serve 277 months in DOC. The counsel for both parties agree that 277 months is the sentence ordered by the Court, in accordance with all of its other rulings.'" Robinson appealed his convictions and sentence, and all were affirmed. *State v. Robinson*, No. 96,486, 2007 WL 4158148 (Kan. App. 2007) (unpublished opinion).

Now, almost 20 years later, Robinson moved to correct an illegal sentence arguing the district court erred because it changed his sentence via journal entry instead of in Robinson's presence. The district court denied the motion because the sentence correction in the journal entry "was a clerical error which can be (and was) remedied without defendant's presence and is not considered a resentencing."

Robinson now appeals the denial of his motion. We review such decisions under a de novo standard of review "'because appellate courts have the same access to the motion, records, and files as the district court.'" *State v. Trotter*, 296 Kan. 898, 901, 295 P.3d 1039 (2013).

We see no error in the district court's decision. A sentencing court loses subject matter jurisdiction to modify a sentence except to correct arithmetic or clerical errors. K.S.A. 22-3504(b); *State v. Lamia-Beck*, 318 Kan. __, 549 P.3d 1103, 1105 (2024); *State v. Hall*, 298 Kan. 978, 983, 319 P.3d 506 (2014). Back in 2006, when Robinson was

sentenced, the relevant statute provided district courts this same authority to correct arithmetic or clerical errors—but only for 90 days after entry of judgment of conviction. K.S.A. 21-4721(i) (Furse 1995).

Robinson's journal entry reveals he was sentenced on March 9, 2006, and the journal entry correcting the sentencing mistake was filed on May 2, 2006—which is within the 90-day window permitting change of arithmetic errors under K.S.A. 21-4721(i).

Robinson's attempt to frame what the district court did as "resentencing" him "in absentia" is unpersuasive. It is true that normally: "The oral pronouncement of a sentence in the defendant's presence controls over the subsequent written journal entry if there is a conflict between the two, since allowing the journal entry to control would effectively allow the defendant to be sentenced *in absentia*." *State v. Arrocha*, 42 Kan. App. 2d 796, Syl. ¶ 2, 217 P.3d 467 (2009). But the district court *did* sentence him in person when it orally pronounced he would serve 216 months for one count and 61 months for the second count. And it did not resentence him in absentia when it corrected its addition mistake in the journal entry.

Robinson relies on *Abasolo v. State*, 284 Kan. 299, 160 P.3d 471 (2007); *Arrocha*, 42 Kan. App. 2d 796; and *State v. Ridge*, No. 119,442, 2020 WL 5740811 (Kan. App. 2020) (unpublished opinion), but those cases do not address the issue before us. *Abasolo* involved a district court which "never intended to reduce Abasolo's sentence at the hearing" and imposed a longer sentence via journal entry. 284 Kan. at 299-300. And *Arrocha* and *Ridge* concerned district courts that failed to pronounce the postrelease supervision period at sentencing. *Arrocha*, 42 Kan. App. 2d at 469-70; *Ridge*, 2020 WL 5740811, at *2-3. None of these cases specified arithmetic caused the district court's error. And Robinson fails to acknowledge that the district court's error was arithmetical

when, in open court, it added 216 and 61 together to mistakenly reach the sum of 271, instead of the correct sum of 277.

Affirmed.