NOT DESIGNATED FOR PUBLICATION

No. 127,400

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee,*

v.

LEROY RANDALL,
*Appellant.*

MEMORANDUM OPINION

Appeal from Reno District Court; DANIEL D. GILLIGAN, judge. Submitted without oral argument. Opinion filed April 25, 2025. Convictions affirmed, sentence vacated in part, and case remanded for resentencing.

*Kristen B. Patty*, of Wichita, for appellant, and *Leroy Randall*, appellant pro se.

No appearance by appellee.

Before PICKERING, P.J., BRUNS and SCHROEDER, JJ.

PER CURIAM: This is Leroy Randall's third trip to our court seeking a legal sentence for his convictions of aggravated robbery, two counts of kidnapping, and two counts of aggravated assault. Randall, in his timely appeal, claims the district court failed to pronounce his complete sentence from the bench. Randall also claims in his pro se brief the district court erred in failing to inform him of his right to appointed counsel. After a thorough review of the record, we find Randall is correct on his first claim because the record reflects the district court failed to pronounce Randall's postrelease supervision term in open court from the bench. However, Randall failed to follow our

1

Supreme Court rules in addressing his second claim, and we find he waived and abandoned that issue on appeal. Therefore, we affirm his convictions, vacate his sentence in part, and remand for resentencing.

FACTUAL AND PROCEDURAL BACKGROUND

The State charged Randall with one count of aggravated robbery, in violation of K.S.A. 2015 Supp. 21-5420(b); two counts of kidnapping, in violation of K.S.A. 2015 Supp. 21-5408(a)(2); and two counts of aggravated assault, in violation of K.S.A. 2015 Supp. 21-5412(b)(1), for acts committed in October 2015. A jury found Randall guilty on all counts in September 2017. Randall appealed, and another panel of our court found structural error in the proceedings because the district court did not honor his right and desire to represent himself. Randall's convictions were reversed, and the case was remanded for a new trial. *State v. Randall*, No. 119,301, 2019 WL 6974164, at *1 (Kan. App. 2019) (unpublished opinion) (*Randall I*).

At Randall's retrial in March 2021, he was again found guilty on all counts and was sentenced to 321 months' imprisonment. Randall again appealed, and another panel of our court found there was "a presumption of vindictiveness" as "[t]he same court imposed a longer prison sentence [than the first sentence of 292 months] and gave no reasons why it imposed a longer sentence." *State v. Randall*, No. 124,015, 2022 WL 16704350, at *1 (Kan. App. 2022) (unpublished opinion) (*Randall II*). The panel determined due process demanded Randall's sentences be vacated and the case be remanded for resentencing. 2022 WL 16704350, at *1. In May 2023, Randall was resentenced to 292 months' imprisonment—the same sentence he received after his first trial—but no term of postrelease supervision was announced in open court from the bench.

2

Randall makes two arguments on appeal—one through appellate counsel and one pro se. Randall's appellate counsel argues the district court failed to pronounce Randall's complete sentence, including the term of postrelease supervision. Randall, in his pro se supplemental brief, argues the district court committed structural error by failing to inform him of his right to appointed counsel. The State did not file a brief.

*Postrelease Supervision Must Be Announced in Open Court with the Defendant Present*

Randall contends the district court did not mention postrelease supervision during his resentencing but acknowledges the journal entry of judgment shows a postrelease supervision term of 36 months. Randall asks us to vacate his sentence and remand with directions for imposition of a complete sentence in open court.

K.S.A. 21-6820(c)(1) disallows an appeal of a presumptive felony sentence, such as the sentence Randall received here. But an illegal sentence can be corrected "at any time while the defendant is serving such sentence." K.S.A. 22-3504(a). Whether a sentence is illegal under K.S.A. 22-3504 turns on interpretation of the Kansas Sentencing Guidelines Act (KSGA), K.S.A. 21-6801 et seq. Statutory interpretation is a question of law subject to unlimited review. *State v. Keel*, 302 Kan. 560, 571-72, 357 P.3d 251 (2015). An "'[i]llegal sentence'" as defined by K.S.A. 22-3504(c)(1) includes "a sentence . . . that is ambiguous with respect to the time and manner in which it is to be served at the time it is pronounced."

K.S.A. 21-6804(e)(2)(C) instructs the district court to pronounce the defendant's complete sentence in a presumptive imprisonment case, including the period of postrelease supervision. Our Supreme Court has found "the period of confinement and the period of postrelease supervision" are "two segments of the bifurcated sentence."

*State v. Gaudina*, 284 Kan. 354, 358, 160 P.3d 854 (2007). The district court's failure to pronounce the term of postrelease supervision does not negate that portion of the bifurcated sentence. K.S.A. 21-6804(e)(2)(C).

At Randall's retrial, the jury convicted him of all five original charges which were presumptive imprisonment crimes based on his criminal history score of A. See K.S.A. 2015 Supp. 21-6804(a). Because Randall had a presumptive imprisonment sentence, the sentencing court was required to pronounce the complete sentence, including the statutorily defined period of postrelease supervision. The district court failed to do so during the May 2023 resentencing hearing.

Even though the district court noted the postrelease supervision term in the journal entry of judgment, it erred in failing to pronounce the complete sentence in open court. See *State v. Edwards*, 309 Kan. 830, 835-36, 440 P.3d 557 (2019) (district judge's oral pronouncement of sentence controls over conflicting written journal entry, which creates clerical error that may be corrected at any time); see also K.S.A. 22-3405(a) (defendant must be present at imposition of sentence in felony case unless an exception applies). We vacate Randall's sentences and remand with directions for imposition of a complete sentence in open court with Randall present. See *State v. McRoberts*, 65 Kan. App. 2d ___, 2025 WL 942369, at *5 (2025); *State v. Arrocha*, 42 Kan. App. 2d 796, Syl. ¶ 4, 217 P.3d 467 (2009).

*Randall's Pro Se Briefing Is Improper*

In his pro se supplemental brief, Randall argues the district court conducted an arraignment hearing in March 2020—after the *Randall I* panel remanded the case for a new trial—and failed to advise him of the charges against him in violation of his due process rights. Randall also suggests the district court committed structural error in failing to inform him of his right to appointed counsel under the Sixth and Fourteenth

Amendments to the United States Constitution and section 10 of the Kansas Constitution Bill of Rights. Randall alleges he had to paraphrase his colloquy with the district court because he was not provided transcripts despite numerous requests. Randall asks us to reverse his convictions and remand for a new trial.

Randall fails to provide the appropriate standard of review and pinpoint references to the record. Supreme Court Rule 6.02(a)(5) (2025 Kan. S. Ct. R. at 36) requires the appellant to cite "the appropriate standard of appellate review and a pinpoint reference to the location in the record on appeal where the issue was raised and ruled on" and to explain why the issue is properly before us if it was not raised below.

Our Supreme Court warned litigants Rule 6.02(a)(5) is to be "strictly enforced." *State v. Godfrey*, 301 Kan. 1041, 1044, 350 P.3d 1068 (2015). An appellant who fails to comply with this rule risks a ruling that the issue is improperly briefed and deemed waived and abandoned. *State v. Williams*, 298 Kan. 1075, 1085, 319 P.3d 528 (2014). Without a specific citation to the record on appeal, we must presume the district court was correct. See *State v. Bryant*, 285 Kan. 970, 980, 179 P.3d 1122 (2008).

Randall argues he was not provided with requested transcripts from what he believes was an arraignment hearing in March 2020. However, the transcript of that hearing is in the record on appeal. Randall is not exempt from following Rule 6.02(a)(5) because he briefed the issue pro se. See *State v. Razzaq*, No. 114,325, 2016 WL 6139148, at *5 (Kan. App. 2016) (unpublished opinion). We find Randall's pro se supplemental brief insufficient, presume Randall's claims are unsupported by the record, and find his claims of error are waived and abandoned on appeal. See *Godfrey*, 301 Kan. at 1043-44; *Williams*, 298 Kan. at 1085; *Bryant*, 285 Kan. at 980.

Convictions affirmed, sentence vacated in part, and case remanded for resentencing.