IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 129,725


STATE OF KANSAS,
*Appellee*,

v.

MICHAEL A. BROWN,
*Appellant*.


SYLLABUS BY THE COURT

1.

This court exercises unlimited review over whether a sentence is illegal and may correct an illegal sentence at any time.


2.

Under the facts of this case, defendant's sentence was complete and therefore not illegal.


Appeal from Wyandotte District Court; AARON T. ROBERTS, judge. Submitted without oral argument April 9, 2026. Opinion filed June 18, 2026. Remanded with directions.

*Joseph A. Desch*, of Law Office of Joseph A. Desch, of Topeka, was on the brief for appellant.

*Garett C. Relph*, deputy district attorney, *Mark A. Dupree Sr.*, district attorney, and *Kris W. Kobach*, attorney general, were on the brief for appellee.

The opinion of the court was delivered by

WALSH, J.:  Michael A. Brown directly appeals the district court's denial of his motion to correct an illegal sentence. Although Brown's arguments on appeal are different from those outlined in his motion in the district court, we have jurisdiction to correct an illegal sentence at any time. We conclude that Brown's sentence was complete and was thus not illegal. But because the journal entry misstated Brown's sentence, we remand to the district court with directions to issue a nunc pro tunc order amending Brown's journal entry to accurately reflect his sentence.

FACTS

A jury found Michael A. Brown guilty of premeditated first-degree murder in 1999. *State v. Brown*, 272 Kan. 809, 37 P.3d 31 (2001) (*Brown I*). At Brown's sentencing hearing, the district court announced his sentence as follows:

> "Very well. Mr. Brown, you are hereby sentenced to the Kansas Secretary of Corrections for the events of first-degree murder. A violation of KSA 21-3401, level OG. for a term of life imprisonment. It will be the 40 years, hard 40. The reason for the hard 40 is more particularly set out by the prosecutor, Mr. Cahill. Is there anything further? I will [set] [the] restitution amount [of] $3,004.88."

Brown's journal entry indicated he received a postrelease supervision term of life. The district court denied Brown's motion to set aside and reconsider his sentence, and we affirmed his conviction and sentence on direct appeal. *Brown I*, 272 Kan. at 822.

Brown then unsuccessfully sought relief in both state and federal court. See *Brown v. State*, No. 90,900, 2004 WL 2694255, at *1 (Kan. App. 2004) (unpublished opinion) (*Brown II*) (affirming district court's denial of Brown's K.S.A. 60-1507 motion); *Brown v. McKune*, No. 05-3437-SAC, 2006 WL 2037394, at *1 (D. Kan. 2006) (unpublished opinion) (granting Brown's motion to voluntarily dismiss his habeas petition); *State v.*

2

*Brown*, No. 101,275, 2011 WL 1344637, at *1-2 (Kan. App. 2011) (unpublished opinion) (affirming district court's denial of Brown's motion to correct an illegal sentence) (*Brown III*); *Brown v. McKune*, No. 11-3147-SAC, 2013 WL 823317, at *1-5 (D. Kan. 2013) (unpublished opinion) (denying Brown's petition for writ of habeas corpus), *appeal dismissed* 517 Fed. Appx. 623 (10th Cir. 2013) (unpublished opinion); *State v. Brown*, 306 Kan. 330, 334, 393 P.3d 1049 (2017) (*Brown IV*) (affirming the district court's denial of Brown's motion to correct an illegal sentence).

On June 26, 2023, Brown filed a "Motion to Correct an Illegal Sentence and in the Alternative Conditional Sentence." The district court denied the motion in August 2023.

Brown filed a notice of appeal, and, on the same day, filed a "motion to object" making similar arguments to those in his June 2023 motion. The district court denied this motion too, and Brown filed a second notice of appeal regarding that decision.

Jurisdiction is proper. See K.S.A. 22-3601(b)(3) (Kansas Supreme Court has appellate jurisdiction in any case where a maximum sentence of life has been imposed, with some exceptions).

ANALYSIS

In this appeal, Brown concedes the arguments made in the 2023 motion were unmeritorious. Instead, he alleges that additional sentencing errors demonstrate his sentence is illegal.

*Standard of Review and Preservation*

We have unlimited review over whether a sentence is illegal. *State v. Bobian*, 321 Kan. 169, 187, 574 P.3d 385 (2025). And although the arguments in Brown's brief are raised for the first time on appeal, we may correct an illegal sentence at any time. See K.S.A. 22-3504(a); *State v. Steinert*, 317 Kan. 342, 351-52, 529 P.3d 778 (2023). Thus, we review Brown's newly asserted arguments despite our traditional preservation rules.

*Discussion*

Brown argues the district court erred by announcing an incomplete sentence because the district court did not announce (1) that his sentence had a lifetime parole condition, and (2) his right to appeal. Further, Brown argues his journal entry incorrectly memorialized his sentence.

K.S.A. 22-3504(c)(1) outlines three types of illegal sentences: (1) a sentence imposed by a court without jurisdiction; (2) a sentence "that does not conform to the applicable statutory provision, either in character or punishment"; and (3) a sentence that is "ambiguous with respect to the time and manner in which it is to be served at the time it is pronounced." Here, Brown argues his sentence is illegal because it does not conform to the applicable statutory provisions.

The State concedes the sentencing court pronounced an incomplete sentence and that Brown's journal entry is erroneous. But we are not bound by the State's concessions and will therefore evaluate each alleged error independently. See *Hanrahan v. Horn*, 232 Kan. 531, 535, 657 P.2d 561 (1983) (observing "a court is not bound by agreements and admissions of the parties as to matters of law or legal conclusions").

4

*Lifetime Eligibility for Parole After 40 Years*

At the time of Brown's sentencing proceeding, K.S.A. 1998 Supp. 21-4704(e)(2) provided:

> "In presumptive imprisonment cases, the sentencing court shall pronounce the complete sentence which shall include the prison sentence, the maximum potential reduction to such sentence as a result of good time and the period of postrelease supervision at the sentencing hearing. Failure to pronounce the period of postrelease supervision shall not negate the existence of such period of postrelease supervision."

Thus, under the law in effect at the time, a district court incompletely sentenced a defendant if the district court did not announce (1) the prison sentence; (2) the maximum potential reduction to such sentence as a result of good time; and (3) the period of postrelease supervision at the sentencing hearing.

Brown was sentenced under K.S.A. 1998 Supp. 21-4638, which provides:

> "When it is provided by law that a person shall be sentenced pursuant to this section, such person shall be sentenced to imprisonment for life and shall not be eligible for probation or suspension, modification or reduction of sentence. In addition, a person sentenced pursuant to this section shall not be eligible for parole prior to serving 40 years' imprisonment, and such 40 years' imprisonment shall not be reduced by the application of good time credits. Upon sentencing a defendant pursuant to this section, the court shall commit the defendant to the custody of the secretary of corrections and the court shall state in the sentencing order of the judgment form or journal entry, whichever is delivered with the defendant to the correctional institution, that the defendant has been sentenced pursuant to K.S.A. 21-4638."

See also K.S.A. 1998 Supp. 21-4635(a) (premeditated first-degree murder may lead to a hard 40 sentence); K.S.A. 1998 Supp. 22-3717 (discussing parole and postrelease supervision procedures generally).

Brown asserts his sentence has two parts: (1) the mandatory 40 years in prison, and (2) eligibility for parole after 40 years which continues for life. And he is correct that the district court did not pronounce the parole portion at his sentencing hearing.

While Brown's two-part characterization of his sentence has intuitive appeal, K.S.A. 1998 Supp. 21-4704(e)(2) provides a specific definition of the "complete sentence" a sentencing court must pronounce. First, it requires the sentencing court to pronounce the "*prison* sentence." (Emphasis added.) See Black's Law Dictionary 1447 (12th ed. 2024) (defining "prison" as "[a] building or complex where people are kept in long-term confinement as punishment for a crime, or in short-term detention while waiting to go to court as criminal defendants; specif., a state or federal facility of confinement for convicted criminals, esp. felons"). And Brown's sentencing court appropriately pronounced his prison sentence by noting (1) Brown was sentenced to the Kansas Secretary of Corrections; (2) the sentence was for a term of life imprisonment; and (3) specifically, the sentence was the 40 years or hard 40.

K.S.A. 1998 Supp. 21-4704(e)(2) also requires the district court to pronounce how good time might reduce an offender's sentence and the offender's period of postrelease supervision, both of which are inapplicable to Brown's conviction. See K.S.A. 1998 Supp. 21-4638 (not eligible for good time); *State v. Brown*, 320 Kan. 426, 432-33, 569 P.3d 909 (2025) (not eligible for postrelease supervision).

Moreover, K.S.A. 1998 Supp. 21-4704(e)(2) does not require a specific reference to potential parole eligibility. And in any event, lifetime eligibility for parole is implicitly

contained within the term of art "hard 40." By sentencing Brown to "the hard 40," the district court communicated the essential facts of Brown's sentence: a minimum of 40 years' imprisonment before parole eligibility. The district court's pronouncement satisfied the statutory provisions of K.S.A. 1998 Supp. 21-4704(e)(2), meaning Brown did not receive an incomplete sentence.

Brown points to a Kansas Court of Appeals case where the panel remanded for resentencing when an incomplete sentence was pronounced, but the sentencing court in that case ran afoul of the statutory requirement that the court announce postrelease supervision, which is not at issue here. See *State v. Arrocha*, 42 Kan. App. 2d 796, 217 P.3d 467 (2009); see also *State v. Bott*, No. 120,970, 2020 WL 3487480, at *3 (Kan. App. 2020) (unpublished opinion) (remanding for resentencing when district court did not announce complete sentence).

*Right to Appeal*

Next, Brown correctly notes the sentencing court failed to tell him he had the right to appeal in violation of K.S.A. 1998 Supp. 22-3424(f), which provides: "After imposing sentence in a case which has gone to trial on a plea of not guilty, the court shall advise the defendant of the defendant's right to appeal and of the right of a person who is unable to pay the costs of an appeal to appeal in *forma pauperis*." But this statute is unrelated to Brown's sentence. The ability to appeal is a collateral effect of being sentenced, not the sentence itself.

We have characterized a district court's failure to inform a criminal defendant of their right to appeal as a due process violation. *State v. Patton*, 287 Kan. 200, 220, 195 P.3d 753 (2008). And a motion to correct an illegal sentence is an inappropriate vehicle to address a constitutional violation. See, e.g., *State v. Martis*, 319 Kan. 650, Syl., 556

7

P.3d 888 (2024) ("A defendant cannot use a motion to correct an illegal sentence to raise a constitutional claim.").

Thus, while it was error to not advise Brown of his right to appeal, it does not follow that this error means Brown was sentenced illegally. Nor does it follow that a remand is necessary for resentencing. Brown was not prejudiced by the district court's omission in any way:  he filed a direct appeal and appealed numerous adverse rulings in both federal and state courts. Thus, the district court's failure to advise Brown of his right to appeal is irrelevant in the context of Brown's 2023 motion and direct appeal.

*Journal Entry*

Finally, Brown argues his journal entry is erroneous because it indicates he was sentenced to lifetime postrelease supervision.

"But a journal entry is not the controlling pronouncement of a sentence. Instead, '[a] criminal sentence is effective upon pronouncement from the bench.'" *State v. Redick*, 317 Kan. 146, 147, 526 P.3d 672 (2023) (quoting *Abasolo v. State*, 284 Kan. 299, Syl. ¶ 3, 160 P.3d 471 [2007]). Here, the sentencing court pronounced Brown's hard 40 sentence from the bench, and this sentence was correct under K.S.A. 1998 Supp. 21-4635(a).

That said, the State correctly concedes that Brown's journal entry is erroneous because off-grid crimes, like premeditated first-degree murder, "'are not associated with periods of postrelease supervision but instead are followed by *life parole*.'" *State v. Claiborne*, 315 Kan. 399, 400, 508 P.3d 1286 (2022) (quoting *State v. Ross*, 295 Kan. 1126, 1131, 289 P.3d 76 [2012]).

8

In line with our previous decisions, we remand to the district court with directions to issue a nunc pro tunc order correcting Brown's journal entry to accurately reflect his properly pronounced sentence. See, e.g., *Redick*, 317 Kan. at 148 ("Redick's sentence is affirmed. Because the journal entry erroneously included lifetime postrelease supervision, we remand this case with directions to the district court to issue a nunc pro tunc order to correct that portion of the sentence in the journal entry."); *Bush v. Bush*, 158 Kan. 760, 763, 150 P.2d 168 (1944) ("Of course, it is not the function of an order nunc pro tunc to alter the judgment actually rendered. Its purpose is merely to correct the record of that judgment. The function, therefore, of a nunc pro tunc entry is not to make an order now for then, but to enter now for then an order previously made.").

Remanded with directions.